David S. Ratner, Esq.
David Ratner Law Firm, LLP
david@davidratnerlawfirm.com
33 Julianne Court
Walnut Creek, CA 94595
Telephone: (917) 900-2868
Facsimile: (925) 891-3818
*Attorney for Plaintiff and the Class*

[Additional counsel appearing on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUCIUS MANNING**, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **UBER TECHNOLOGIES, INC.**, a Delaware corporation, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lucius Manning ("Plaintiff Manning") brings this class action under the Telephone Consumer Protection Act against Uber Technologies, Inc. ( "Uber" or "Defendant"), to stop its practice of sending unauthorized and unwanted text messages, and to obtain redress for all persons similarly injured by its conduct.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. This case challenges Defendant Uber's practice of sending unsolicited text messages to consumers that have never had any relationship with Uber.

2. Uber's unsolicited texts violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, and caused Plaintiff and putative members of the Classes to suffer actual harm, including the aggravation, nuisance, loss of time, and invasions of privacy that result from the receipt of such text messages, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms. The text messages are also sent regardless of whether a consumer has their cell phone number registered on the National Do Not Call Registry.

3. Accordingly, Plaintiff seeks an injunction requiring Uber to cease sending unsolicited text messages to consumers from whom Uber does not have consent, as well as an award of actual and/or statutory damages and costs.

**PARTIES**

4. Plaintiff Lucius Manning is an Alabama resident that has never had any relationship with Uber.

5. Defendant Uber Technologies, Inc. is a Delaware corporation headquartered in San Francisco, California.

**JURISDICTION & VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute for which there is federal question jurisdiction.

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Uber's unauthorized texts giving rise to Plaintiff's claims arose and emanated from this District, and because Uber maintains its primary place of business in this District.

**FACTUAL ALLEGATIONS**

8. Uber is a multinational company that connects consumers in need of transportation with transportation providers (i.e., Uber drivers) for a fee.

9. In order to drum up business, Uber sends unsolicited text messages to consumers that have never had any relationship with Uber.

10. Plaintiff Manning has never had any relationship with Uber.

11. Additionally, on January 26, 2016, Plaintiff registered his cell phone number on the National Do Not Call Registry to avoid receiving unsolicited telemarketing phone calls and text messages.

12. Notwithstanding, on April 29, 2018 at 12:33 pm, Uber sent Manning a text message from telephone number (909) 341-1745 to his cellular telephone number without his consent. Plaintiff immediately responded, triggering an automated response directing him to http://help.uber.com, or to the Uber cell phone app:



13. In response Manning immediately replied "Stop," and Uber sent an automated response purportedly confirming that "SMS from Uber is now disabled. To re-enable, reply START."

14. Despite Manning's stop request, on May 1, 2018 at 4:35 pm a few days later, he received another automated text message from Defendant using phone number (909) 341-1745. The text stated: "Your Uber code: 9453[.]" Manning again immediately responsed "Stop" and

CLASS ACTION COMPLAINT
-3-

again received Uber's automated response stating, "SMS from Uber is now disabled. To re-enable, reply START."

15.     However, on May 9, 2018 at 6:36 am, Manning received more three more unsolicited text messages from Defendant using phone number (909) 341-1745, notifying him that *his* "Uber code" was "3537":



16.     The texts sent by, or on behalf of Uber are all solicitations. Each text message Plaintiff received makes reference to the Uber brand name and requires Plaintiff to inquire further into Uber's services to attempt to understand why he has been texted. In addition, Plaintiff was directed to http://help.uber.com, as seen above. On this page, Uber solicits consumers to sign up for Uber accounts and ride in Ubers.



[2]

17.     Uber's unsolicited texts were a nuisance that aggravated Manning, wasted his time, invaded his privacy, diminished the value of the cellular services he paid for, caused him to temporarily lose the use and enjoyment of his phone, and caused wear and tear to his phone's

---

[2] https://help.uber.com

CLASS ACTION COMPLAINT
-4-

data, memory, software, hardware, and battery components.

18. On information and belief, Uber, or a third-party acting on its behalf, has sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of other consumers nationwide that have never had any relationship with Uber and/or that have expressly told Uber to stop texting. In fact, consumer complaints about Uber's unsolicited text messages abound:

- "Uber code. Never used uber. Never requested."[3]
- "Said it was an Uber code which I DO NOT HAVE!!! It was a text message"[4]
- "Also received a confirmation code at random"[5]
- "Even when I replied "STOP" and got a message saying I would get no more messages five minutes later and I'll receive a text with a new Uber code."[6]

19. To the extent the text messages were sent on Uber's behalf to consumers, Uber authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

20. In sending the unsolicited text messages at issue, Uber, or a third party acting on its behalf, utilized an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the ability to trigger automated responses by replying with various code-words, their autogenerated and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a telephone number associated with a landline or VOIP, which is consistent with the use of an automatic telephone dialing system to send text messages.[7]

---

[3] https://800notes.com/Phone.aspx/1-909-341-1745
[4] http://www.whosphoneis.info/phone/909-341-1745
[5] https://whocallsme.com/Phone-Number.aspx/9093411745
[6] http://spyoncaller.net/9093411745
[7] Who Calld, https://whocalld.com/+19093411745 (last accessed May 16, 2018).

CLASS ACTION COMPLAINT
-5-

**Class Allegations**

21. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seek certification of the following Classes:

> **Autodial No Consent Class:** All persons in the United States who (1) on or after four years prior to the filing of the initial complaint in this action; (2) were sent a text message by or on behalf of Uber; (3) using an automatic telephone dialing system; and (4) from whom Uber (a) does not allege to have consent, or (b) alleges to have obtained consent in the same manner it alleges to have obtained consent from Plaintiff.
>
> **Autodialed Stop Class**: All persons in the United States who (1) on or after four years prior to the filing of the initial complaint in this action; (2) were sent a text message by or on behalf of Uber; (3) using an automatic telephone dialing system; (4) after the person informed Defendant that s/he no longer wished to receive phone calls from Defendant.
>
> **Do Not Call Registry Class:** All persons in the United States who (1) on or after four years prior to the filing of the initial complaint in this action; (2) were sent more than one text message by or on behalf of Uber; (3) for the purpose of selling Defendant's products and services; (4) within any 12-month period starting after his or her cellular phone number had been listed on the National Do Not Call Registry for at least thirty days; and (5) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call the Plaintiff, or (b) they did not obtain prior express written consent.

22. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the definitions following appropriate discovery.

23. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent unsolicited text messages to thousands of individuals who fall into the class definitions. Class membership can be easily determined from Defendant's records.

24. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Classes sustained the same damages as a result of Defendant's uniform wrongful conduct.

25. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained the cellular telephone numbers of Plaintiff and the Classes;

   b) Whether the text messages were sent using an automatic telephone dialing system;

   c) Whether Defendant's text messages were sent for the purpose of marketing Defendant's services;

   d) Whether Defendant sent the text messages without the consent of Plaintiff and the Classes;

   e) Whether Defendant sent text messages after Plaintiff and members of the Autodialed Stop Class requested that Defendant stop sending text messages; and

   f) Whether Defendant's conduct was willful and knowing such that Plaintiff and the Classes are entitled to treble damages.

26. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect

CLASS ACTION COMPLAINT
-7-

the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

27. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

28. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION

### Violation of 47 U.S.C. § 227

**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

29. Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 of this complaint and incorporates them by reference.

30. Defendant and/or its agents agent transmitted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31. These text messages were sent without the consent of Plaintiff and the other members of the Autodialed No Consent Class.

32. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), and as a result, under 47 U.S.C. § 227(b)(3)(B), Plaintiff and the Autodialed No Consent Class are entitled to a minimum of $500.00 in damages for each violation. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**

**Violation of 47 U.S.C. § 227**

**(On Behalf of Plaintiff and the Autodialed Stop Class)**

33. Plaintiff repeats and realleges the paragraphs 1 through 28 of this Complaint and incorporates them by reference.

34. Defendant placed unsolicited and unwanted autodialed phone calls to Plaintiff and the other members of the Autodialed Stop Class on their cellular telephones after they had informed Defendant to stop calling them.

35. Defendant placed the unwanted phone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

36. Defendant placed these calls using an autodialer even after Plaintiff and other members of the Autodialed Stop Class requested that Defendant stop texting them.

37. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(B), and as a result, under 47 U.S.C. § 227(b)(3)(B), Plaintiff and the Autodialed Stop Class are entitled to a minimum of $500.00 in damages for each violation. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the members of the Autodialed Stop Class.

## THIRD CAUSE OF ACTION

**(Violation of 47 U.S.C. § 227)**

**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

38. Plaintiff repeats and realleges paragraphs 1 through 28 of this Complaint and incorporates them by reference.

39.

40. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

42.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[8]

43.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

44.

45.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

46.     Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have an accurate written policy of dealing with do not call requests, by failing to accurately inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

47.     Defendant, therefore, violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class are entitled to a minimum of $500.00 in damages for each violation. In the event that the Court determines

---

[8] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Manning, individually and on behalf of the Classes, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representatives of the Classes and his counsel as Class Counsel;

b)  An award of actual and statutory damages;

c)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)  A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e)  An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

f)  An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment; and

g)  Such further and other relief as the Court deems necessary.

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury.

Dated: May 17, 2018.

*/s/ David S. Ratner*

David S. Ratner, Esq.
David Ratner Law Firm, LLP
33 Julianne Court
Walnut Creek, CA 94595
Telephone: (917) 900-2868
Facsimile: (925) 891-3818
Email: david@davidratnerlawfirm.com

Avi R. Kaufman*
Kaufman P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

Stefan Coleman*
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Telephone: (877) 333-9427
Fax: (888) 498-8946
Email: law@stefancoleman.com

*Counsel for Plaintiff Manning, and all others similarly situated*

**pro hac vice* admission to be filed*

CLASS ACTION COMPLAINT
-13-