TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
LUCIA X. ROIBAL (CA SBN 306721)
LRoibal@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC. AND
RASIER, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRIDMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>    Defendants. | Case No. 4:18-cv-02815-HSG<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:    Hon. Haywood S. Gilliam, Jr.<br>Action Filed: May 13, 2018 |
| LUCIUS MANNING,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 4:18-cv-02931-HSG<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:    Hon. Haywood S. Gilliam, Jr.<br>Action Filed: May 18, 2018 |

Defendants Uber Technologies, Inc. and Rasier, LLC ("Defendants" or "Uber"), by and through their undersigned counsel, hereby move pursuant to Local Rule 3-12 for a determination that the previously-filed actions, *Fridman, et al. v. Uber Technologies, Inc. and Rasier, LLC*, No. 4:18-cv-02815-HSG (N.D. Cal. filed May 13, 2018) ("*Fridman*"), and *Manning v. Uber Technologies, Inc.*, Case No. 4:18-cv-02931-HSG ("*Manning*") are related to the later-filed action captioned *Vario v. Uber Technologies, Inc.*, No. 3:18-cv-03829-RS (N.D. Cal., filed June 27, 2018) ("*Vario*"), and that the *Vario* action should therefore be reassigned to this Court. The Court has already has determined that *Fridman* and *Manning* are related. (*See Fridman*, ECF No. 28; *Manning*, ECF No. 21.) *Vario* is likewise related to *Fridman* and *Manning*, and all three cases therefore should be "related" pursuant to Local Rule 3-12. (*See Fridman*, ECF No. 27.)

**I.    BRIEF STATEMENT OF THE RELATIONSHIP OF THE ACTIONS**

Local Rule 3-12(a) states that an action is related to another when:

> (1)    The actions concern substantially the same parties, property, transaction, or event; and
>
> (2)    It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Both criteria are met here.

First, the *Vario*, *Fridman*, and *Manning* actions concern substantially the same parties, transaction or event:

1.    The Plaintiffs in *Fridman*, *Manning*, and *Vario* all assert claims against Defendant Uber Technologies, Inc.;

2.    Plaintiffs in all three actions bring claims solely under the Telephone Consumer Protection Act, 47 U.S.C. § 227, based on Uber's alleged practice of sending text messages to putative class members without their consent, and thus all actions involve the same questions of law[1] (*compare Fridman*, ECF No. 1 ¶¶ 38-41 ("*Fridman* Compl.") and *Manning*, ECF No. 1

---

[1] Uber does not concede the truth of any of Plaintiffs' allegations or that certification of the putative classes is proper under Rule 23 of the Federal Rules of Civil Procedure.

("*Manning* Compl.") ¶¶ 29-32, *with* Declaration of Tiffany Cheung in Support of Administrative Motion to Consider Whether Cases Should be Related ("Cheung Decl."), Ex. A ("*Vario* Compl.") ¶¶ 37-45);

3. The *Vario* and *Manning* actions allegedly involve the same types of text messages, given that plaintiff in *Vario*, like the plaintiff in *Manning*, alleges that she received text messages that provided her with an "Uber code," allegedly without her consent. (*Vario* Compl. ¶¶ 20-22; *Manning* Compl. ¶¶ 12, 14-15);

4. Similarly, all three actions assert nearly identical prayers for relief. (*Fridman* Compl. at 12-13; *Manning* Compl. at 12; *Vario* Compl. at 9-10.);

5. There is also considerable overlap in the putative classes in each case: Plaintiffs in *Fridman*, *Manning*, and *Vario* all seek to represent a class of persons who were sent an unsolicited text message by or on behalf of Uber, and the putative class alleged in *Vario* is a sub-set of the putative class alleged in *Manning*. (*Fridman* Compl. ¶ 30; *Manning* Compl. ¶ 21; *Vario* Compl. ¶ 29); and

6. Uber has filed motions to compel arbitration in the *Fridman* and *Manning* actions (*See Fridman*, ECF No. 32; *Manning*, ECF No. 26) and likewise may file a motion to compel arbitration in the *Vario* action. These motions to compel arbitration will involve similar facts and the same questions of law.

Second, due to their similarity, if not treated as related, all three cases are likely to require substantial duplication and expense and present a potential danger of inconsistent rulings regarding the same issues of law. The parties and Court would be forced to engage in parallel and overlapping adjudication of the same issues, likely including arbitration provisions governing plaintiffs and consent to receive the text messages (if the cases proceed in federal court). Relating the *Vario* action to *Fridman* and *Manning* accordingly will allow a single judicial officer to more efficiently guide all actions towards resolution. Because these three actions are connected, all parties are affected by the ultimate outcome in each matter. A single Judge presiding over all three actions will not only avoid duplication of both labor and expense but will also maximize the potential for all cases to be resolved expeditiously.

Finally, pursuant to Civil Local Rule 3-12(f)(3), the later-filed *Vario* action should be reassigned to this Court, which is presiding over the previously-filed *Fridman* and *Manning* actions.

## II. LOCAL RULE 7-11 COMPLIANCE

Pursuant to Civil Local Rule 7-11, counsel for Defendants has conferred with counsel for Plaintiff in *Vario*, to attempt to obtain a stipulation to this administrative motion. As of this filing, the parties have not reached agreement on a stipulation. (*See* Cheung Decl. ¶ 2.)

Dated: August 3, 2018

TIFFANY CHEUNG
LUCIA X. ROIBAL
MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
TIFFANY CHEUNG

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
RASIER, LLC

# CERTIFICATE OF SERVICE BY MAIL
(Fed. R. App. Proc. rule 25(c))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

**DECLARATION OF TIFFANY CHEUNG IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482, in accordance with Morrison & Foerster's ordinary business practices:

| | |
|---|---|
| Richard T. Drury<br>Rebecca L. Davis<br>Lozeau Drury LLP<br>410 12th Street, Suite 250<br>Oakland, CA 94607<br><br>*Attorneys for Plaintiff*<br>CARLA VARIO | Steven L. Woodrow<br>Patrick H. Peluso<br>Taylor T. Smith<br>Woodrow & Peluso, LLC<br>3900 East Mexico Avenue, Suite 300<br>Denver, CO 80210<br><br>*Attorneys for Plaintiff*<br>CARLA VARIO |

I declare under penalty of perjury that the above is true and correct.

Executed at San Francisco, California, this 3rd day of August, 2018.

_____     _____
Debra L. Moore                                             (signature)
(typed)

---
1
CERTIFICATE OF SERVICE
CASE NOS. 4:18-CV-02815-HSG AND 4:18-CV-02931-HSG

sf- 3923805