1  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
2  LUCIA X. ROIBAL (CA SBN 306721)
   LRoibal@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  ADAM J. HUNT, *pro hac vice*
   AdamHunt@mofo.com
7  Morrison & Foerster LLP
   250 West 55th Street
8  New York, New York 10019-9601
   Telephone: 212.336.4341
9  Facsimile: 212.468.7900

10  Attorneys for Defendants
    UBER TECHNOLOGIES, INC., RASIER,
11  LLC, AND PORTIER, LLC

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14  MICHAEL FRIDMAN, et al.,<br><br>15                    Plaintiffs,<br><br>16       v.<br><br>17  UBER TECHNOLOGIES, INC., et al.,<br><br>18                    Defendants. | Case No. 4:18-cv-02815-HSG<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:          Hon. Haywood S. Gilliam, Jr.<br>Action Filed: May 13, 2018 |
| 19  LUCIUS MANNING and WANDA ROGERS,<br><br>20                    Plaintiffs,<br><br>21       v.<br><br>22  UBER TECHNOLOGIES, INC.,<br><br>23                    Defendant. | Case No. 4:18-cv-02931-HSG<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:          Hon. Haywood S. Gilliam, Jr.<br>Action Filed: May 18, 2018 |
| 24  CARLA VARIO,<br><br>25                    Plaintiff,<br><br>26       v.<br><br>27  UBER TECHNOLOGIES, INC.,<br><br>28                    Defendant. | Case No. 4:18-cv-03829-HSG<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:          Hon. Haywood S. Gilliam, Jr.<br>Action Filed: June 27, 2018 |

Defendants Uber Technologies, Inc., Rasier, LLC, and Portier LLC ("Defendants" or "Uber"), by and through their undersigned counsel, hereby move pursuant to Local Rule 3-12 for a determination that the previously-filed actions, *Fridman, et al. v. Uber Technologies, Inc., et al*, Case No. 4:18-cv-02815-HSG (N.D. Cal., filed May 13, 2018) ("*Fridman*"), *Manning, et al. v. Uber Technologies, Inc.*, Case No. 4:18-cv-02931-HSG ("*Manning*"), and *Vario v. Uber Technologies, Inc.*, Case No. 4:18-cv-03829-HSG (N.D. Cal., filed June 27, 2018) ("*Vario*") are related to the later-filed action captioned *Bollinger v. Uber Technologies, Inc.*, Case No. 3:18-cv-04538-MEJ (N.D. Cal., filed July 26, 2018) ("*Bollinger*"), and that the *Bollinger* action should therefore be reassigned to this Court. The Court has already determined that *Fridman*, *Manning*, and *Vario* are related. (*See Fridman*, ECF No. 28; *Manning*, ECF No. 21; *Vario*, ECF No. 26.) *Bollinger* is likewise related to *Fridman*, *Manning*, and *Vario*, and all four cases therefore should be "related" pursuant to Local Rule 3-12. (*See Fridman*, ECF No. 27.) Moreover, Plaintiff in *Bollinger* has stipulated to this administrative motion.

## I. BRIEF STATEMENT OF THE RELATIONSHIP OF THE ACTIONS

Local Rule 3-12(a) states that an action is related to another when:

> (1) The actions concern substantially the same parties, property, transaction, or event; and

> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Both criteria are met here.

First, the *Bollinger*, *Fridman*, *Manning*, *Vario*, and *Bollinger* actions concern substantially the same parties, transaction or event:

1. The Plaintiffs in *Fridman*, *Manning*, *Vario,* and *Bollinger* all assert claims against Defendant Uber Technologies, Inc.;

2. Plaintiffs in all four actions bring claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, based on Uber's alleged practice of sending text messages to putative class members without their consent, and thus all actions involve the same questions of

1

ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NOS. 4:18-CV-02815-HSG, 4:18-CV-02931-HSG, AND 4:18-CV-03829-HSG

sf-3931536

law[1] (*compare Fridman*, ECF No. 39 ¶¶ 41-44 ("*Fridman* FAC") *Manning*, ECF No. 32 ("*Manning* FAC") ¶¶ 46-49, 55-61, and *Vario*, ECF No. 1 ¶¶ 37-45 *with* Declaration of Tiffany Cheung in Support of Administrative Motion to Consider Whether Cases Should be Related ("Cheung Decl."), Ex. A ("*Bollinger* Compl.") ¶¶ 34-38);

3.      Similarly, all four actions assert nearly identical prayers for relief.  (*Fridman* FAC at 13-14; *Manning* FAC at 16; *Vario* Compl. at 9-10; *Bollinger* Compl. at 9); and

4.      There is also considerable overlap in the putative classes in each case.  (*See Fridman* FAC ¶ 33; *Manning* FAC ¶ 38; *Vario* Compl. ¶ 29; and *Bollinger* Compl. ¶ 25).

Second, due to their similarity, if not treated as related, all four cases are likely to require substantial duplication and expense and present a potential danger of inconsistent rulings regarding the same issues of law.  The parties and Court would be forced to engage in parallel and overlapping adjudication of the same issues.  Relating the four actions accordingly will allow a single judicial officer to more efficiently guide all actions towards resolution.  Because these four actions are connected, all parties are affected by the ultimate outcome in each matter.  A single Judge presiding over all four actions will not only avoid duplication of both labor and expense but will also maximize the potential for all cases to be resolved expeditiously.

Finally, pursuant to Civil Local Rule 3-12(f)(3), the later-filed *Bollinger* action should be reassigned to this Court, which is presiding over the previously-filed *Fridman*, *Manning*, and *Vario* actions.

## II.      LOCAL RULE 7-11 COMPLIANCE

Pursuant to Civil Local Rule 7-11, counsel for Defendants has conferred with counsel for Plaintiff in *Bollinger*, who have stipulated to this administrative motion, the stipulation of which is being filed herewith. (*See* Cheung Decl. ¶ 2.)

---

[1] Uber does not concede the truth of any of Plaintiffs' allegations or that certification of the putative classes is proper under Rule 23 of the Federal Rules of Civil Procedure.

ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NOS. 4:18-CV-02815-HSG, 4:18-CV-02931-HSG, AND 4:18-CV-03829-HSG

sf-3931536

Dated: August 20, 2018

TIFFANY CHEUNG
LUCIA X. ROIBAL
MORRISON & FOERSTER LLP


By:  /s/ Tiffany Cheung
     TIFFANY CHEUNG

     Attorneys for Defendants
     UBER TECHNOLOGIES, INC. and
     RASIER, LLC

sf-3931536

# CERTIFICATE OF SERVICE BY MAIL
### (Fed. R. App. Proc. rule 25(c))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

**DECLARATION OF TIFFANY CHEUNG IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

**STIPULATION REGARDING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482, in accordance with Morrison & Foerster's ordinary business practices:

Daniel C. Girard
Angelica M. Ornelas
Simon S. Grille
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108

*Attorneys for Plaintiff*
Shelton Bollinger

I declare under penalty of perjury that the above is true and correct.

Executed at San Francisco, California, this 20th day of August, 2018.

_____          _____
Debra L. Moore                              (signature)
      (typed)

1

ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NOS. 4:18-CV-02815-HSG, 4:18-CV-02931-HSG, AND 4:18-CV-03829-HSG

sf-3931536