Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4800
dgirard@girardsharp.com
aornelas@girardsharp.com
sgrille@girardsharp.com

Avi R. Kaufman (*pro hac vice*)
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
kaufman@kaufmanpa.com

Steven L. Woodrow (*pro hac vice*)
Patrick H. Peluso (*pro hac vice*)
Taylor Smith (*pro hac vice*)
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com
tsmith@woodrowpeluso.com

*Interim Lead Plaintiffs' Counsel*

Tiffany Cheung
Lucia Xochiquetzal Roibal
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7315
Facsimile: (415) 268-7522
tcheung@mofo.com
lroibal@mofo.com

Adam J. Hunt
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 336-4341
Facsimile: (212) 468-7900
AdamHunt@mofo.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UBER TEXT MESSAGING | Case No.  4:18-cv-02931-HSG |
| | **JOINT CASE MANAGEMENT STATEMENT** |
| | Date:  October 23, 2018<br>Time:  2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

1    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9,

2 and the Standing Order for All Judges of the Northern District of California, Plaintiffs Wanda

3 Rogers, Lucius Manning, Andrew Katzman, Christopher Ziers, and Carla Vario and Defendant

4 Uber Technologies, Inc. hereby provide this Joint Case Management Statement in advance of the

5 Court's Initial Case Management Conference scheduled for October 23, 2018.

6    **1.    Jurisdiction and Service:**

7    **Plaintiffs' Position:**

8    This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' claims

9 under the Telephone Consumer Protect Act, 47 U.S.C. § 227, et seq. ("TCPA"). The Court also

10 has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because: (i) there are

11 100 or more class members; (ii) the aggregate amount in controversy exceeds $5,000,000,

12 exclusive of interest and costs; and (iii) at least one Plaintiff and Defendant are citizens of

13 different states. Defendant has been served.

14    **Defendant's Position:**

15    Defendant intends to file a motion to compel arbitration and to stay the action in its

16 entirety.  Because multiple Plaintiffs have agreed to arbitrate their claims, this Court lacks

17 jurisdiction over them under the Federal Arbitration Act.  Indeed, any dispute concerning the

18 enforceability of the scope of the arbitration provision must go to an arbitrator because the parties

19 delegated threshold issues of arbitrability.  Even if the Court decides arbitrability, however, both

20 "gateway" issues are met, and Uber's forthcoming motion to compel arbitration should be

21 granted.  In the event Defendant's motion is denied in whole or in part, Defendant reserves the

22 right to challenge personal jurisdiction and/or venue as to all Plaintiffs.  Defendant has been

23 served.

24    **2.    Facts:**

25    **Plaintiffs' Position:**

26    Plaintiffs allege that Uber used an automatic telephone dialing system ("ATDS") to send

27 text messages to persons without their prior express consent, in violation of the TCPA.   Plaintiffs

28 allege that they received "Uber code" text messages from Uber despite the fact that they were not

1    Uber drivers and never used the Uber app. All of the Plaintiffs replied "stop" to the text messages,

2    in an attempt to stop receiving such messages, but each of them continued to receive Uber code

3    messages after making their stop requests.    Plaintiffs allege that the Uber code text messages

4    violate the TCPA regardless of whether they were sent for marketing purposes.

5           **Defendant's Position:**

6           Defendant disputes Plaintiffs' allegations and denies that it violated any laws.

7    Verification codes are *not* marketing messages sent by Uber.  Their purpose is to allow individual

8    users to validate their identities and to protect against fraud.  Further, for any text messages sent

9    by Uber, Uber received consent to send those text messages.

10          **3.     <u>Legal Issues:</u>**

11           The parties identify the following disputed points of law at this time and reserve the right

12    to modify this statement of disputed legal issues as this litigation progresses:

13          • Whether there are Plaintiffs who have entered into agreements to arbitrate their

14             claims on an individual basis and whether the case should be stayed pending

15             resolution of arbitration proceedings;

16          • Whether Defendant sent text messages to Plaintiffs and putative Class members

17             using an automatic telephone dialing system;

18          • Whether Plaintiffs and putative Class members consented to receiving the text

19             messages at issue;

20          • Whether Defendant's text messages were sent for the purpose of marketing

21             Defendant's services;

22          • Whether Defendant sent text messages while consent had been revoked and

23             without a subsequent opt-in;

24          • Whether any violation of the TCPA was knowing or willful;

25          • Whether Plaintiffs and putative Class members suffered any damage by receiving

26             text messages from Defendant; and

27          • Whether Plaintiffs can establish that any injunction against Uber is warranted.

28

4.     **Motions**:

On June 29, 2018, Defendant filed an administrative motion to relate *Manning, et al. v. Uber Technologies, Inc.*, No. 4:18-cv-02931 (N.D. Cal.) ("*Manning*") to the earlier filed, *Fridman, et al. v. Uber Technologies, Inc. et al.*, No. 4:18-cv-02815 (N.D. Cal.) ("*Fridman*"). *Fridman* Dkt. No. 21. Plaintiff Manning did not file an opposition to the motion.  The Court granted the motion on July 6, 2018. *Fridman* Dkt. No. 28.

On July 27, 2018, Defendant filed a Motion to Compel Arbitration and for Stay. Dkt. No. 26.  Plaintiff Manning then filed an Amended Complaint on August 17, 2018.  Dkt. No. 32.  On September 26, 2018, the Court issued an Order to Show Cause why the July 27 Motion to Compel Arbitration should not be terminated. Dkt. No. 40. On September 26, 2018, Defendant responded to the Court's Order to Show Cause and agreed that the July 27 Motion to Compel Arbitration could be terminated in light of the amended complaint, without prejudice to filing a motion to compel arbitration in response to Plaintiffs' Amended Complaint. Dkt. No. 41. On September 27, 2018, the Court issued an Order terminating Defendant's July 27 Motion to Compel Arbitration. Dkt. No. 42.

On August 3, 2018, Defendant filed an administrative motion to relate the *Manning* and *Fridman* cases to *Vario v. Uber Technologies, Inc.*, No. 4:18-cv-03829 (N.D. Cal.) ("*Vario*"). Dkt. No. 27.  Plaintiffs did not file an opposition to the motion, and the Court granted the motion on August 8, 2018.  Dkt. No. 34.

On August 20, 2018, Defendant filed an administrative motion to relate *Fridman, Manning,* and *Vario* to *Bollinger v. Uber Technologies, Inc.*, Case No. 3:18-cv-04538 (N.D. Cal.) ("*Bollinger*"). Dkt. No. 33. Plaintiff Bollinger stipulated to the request, and the Court granted the motion on September 18, 2018. *Bollinger* Dkt. No. 20.

On August 20, 2018, the parties filed a joint stipulation to consolidate the *Manning*, *Vario*, and *Bollinger* cases and appoint interim lead class counsel. Dkt. No. 34. On September 27, 2018, the Court consolidated *Manning*, *Vario*, and *Bollinger* and appointed Kaufman PA, Woodrow & Peluso LLC, and Girard Sharp LLP as interim lead Plaintiffs' counsel. Dkt. No. 43.  Pursuant to the Court's Order granting the stipulation, Plaintiffs filed a Consolidated Complaint on October 4,

1   2018.  Defendant's deadline to respond to the Consolidated Complaint is November 1, 2018.

2   Defendant intends to file a motion to compel arbitration and to stay the action pending resolution

3   of the arbitration proceedings.

4          Plaintiffs presently anticipate filing a Motion for Class Certification after taking sufficient

5   discovery, which they expect to complete by July 23, 2019.  Uber intends to demonstrate in the

6   arbitration proceedings that Plaintiffs cannot establish any liability for their claims and are not

7   entitled to any relief.

8          **5.**      **Amendment of Pleadings:**

9          In accordance with the Court's Consolidation Order (Dkt. No. 43), Plaintiffs filed a

10  Consolidated Class Action Complaint on October 4, 2018 (Dkt. No. 46). Plaintiffs reserve the

11  right to seek leave to amend pursuant to Federal Rule of Civil Procedure 15.

12         **6.**      **Evidence Preservation:**

13         The parties have reviewed the Guidelines Relating to the Discovery of Electronically

14  Stored Information. The parties met and conferred on October 12, 2018 regarding preservation

15  of evidence and have taken reasonable and proportionate steps to preserve evidence relevant to

16  the issues reasonably evident in this action.

17         **7.**      **Disclosures:**

18         Plaintiffs propose that the parties exchange initial disclosures pursuant to Rule 26(a) of

19  the Federal Rules of Civil Procedure on November 6, 2018.

20         Defendant maintains that all proceedings, including discovery and initial disclosures,

21  should be stayed pending resolution of whether Plaintiffs' claims can proceed in this forum.

22         **8.**      **Discovery:**

23              A.      Discovery Taken to Date:

24  **Plaintiffs' Position:**

25         On October 15, Plaintiffs served a set of thirteen Rule 34 Requests to Uber. In light of

26  Uber's anticipated contention that all or some of Plaintiffs' claims should proceed in individual

27  arbitration, the requests are narrowly tailored to seek documents that would be relevant to the

28  Plaintiffs' claims in this forum or in an individual arbitration proceeding.  Plaintiffs' Rule 34

Requests seek discovery on the following topics: documents concerning the named plaintiffs and Defendant's communications with the named plaintiffs; documents relating to any claim by Uber that the named plaintiffs consented to receive the text messages at issue in this case; documents concerning the dialing equipment used to send the text messages at issue in this case; agreements between Defendant and any third-parties regarding that dialing equipment; and Defendant's policies and procedures concerning TCPA compliance and the handling of opt-out requests.

**Defendant's Position**

Defendant disputes that Plaintiffs' requests for production would be appropriate in an arbitration proceeding, particularly given that the arbitrator has the authority to "manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute." *See* AAA Commercial Arbitration Rules, R-22.  Further, the anticipated discovery disputes regarding Plaintiffs' requests should be resolved in the arbitration proceedings, not in this federal court forum.  All proceedings, including discovery, should be stayed pending resolution of those arbitration proceedings, which will resolve any applicable discovery disputes and the arbitrated claims.

B.      Scope of Anticipated Discovery:

**Plaintiffs' Position:**

At this time, in addition to the topics in Plaintiffs' initial Rule 34 Requests, Plaintiffs intend to propound class- and merits-based written discovery and seek deposition testimony on the following topics: call logs, account notes, server logs, dialer reports, source codes, phone records, and other electronic records of outgoing Uber code text messages; the systems and equipment used by Defendant or its agent to send Uber code text messages; the manner by which Uber code text messages are sent; Defendant's policies and procedures for determining recipients of Uber code text messages; Defendant's receipt of "stop" requests or similar commands and its policies and procedures for honoring or ignoring such requests; Defendant's receipt of "start" messages or similar commands. Plaintiffs also intend to seek discovery concerning Uber's defenses, including the manner by which Uber claims any of the named Plaintiffs consented to the receipt of such messages.

**Defendant's Position:**

Defendant maintains that all proceedings, including discovery, should be stayed pending resolution of the arbitration proceedings.  Defendant anticipates that in the course of arbitration proceedings, Defendant will obtain discovery relating to Plaintiffs' allegations in the Amended Complaint and their consent to receive the text messages.

    C.  <u>Proposed Limitations or Modifications of the Discovery Rules:</u>  At this time, the Parties do not believe that any changes need to be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules but both parties reserve the right to do so by agreement or order of the Court.

    D.  <u>When Discovery Should be Completed and Whether Discovery Should be Phased or Be Limited to or Focused on Particular Issues:</u>

**Plaintiffs' position:**

As set forth in the proposed schedule (part 17, *infra*), Plaintiffs propose that fact discovery be completed by July 23, 2019 and expert discovery be completed by October 23, 2019.  At this time, Plaintiffs do not believe discovery should be bifurcated or phased.

**Defendant's position:**

All proceedings, including discovery, should be stayed pending resolution of the arbitration proceedings.  As such, it is premature to determine when discovery should be completed and whether discovery should be phased or be limited to or focused on particular issues.

    E.  <u>Electronically Stored Information (ESI):</u>

**Plaintiffs' position:**

Plaintiffs believe discovery will encompass ESI and will meet and confer on the topics listed in the Northern District's Guidelines for the Discovery of Electronically Stored Information and ESI Checklist. Plaintiffs will seek to reach agreement on an ESI protocol based on the Northern District of California Model by no later than November 13, 2018.

1    **Defendant's position:**

2    Discovery should be stayed pending resolution of the arbitration proceedings, and it is

3    inefficient and premature to develop an ESI protocol at this time because the scope of any

4    discovery that may be necessary after the arbitration proceedings remains uncertain.

5    F.   Privilege Issues and Trial Preparation Materials:

6    **Plaintiffs' position:**

7    Plaintiffs prepared a draft protective order based on the Northern District of California

8    model, which Plaintiffs sent to Defendant on October 15, 2018. Plaintiffs propose to submit a

9    joint proposed protective order by November 13, 2018.

10   **Defendants' position:**

11   Discovery should be stayed pending resolution of the arbitration proceedings, and it is

12   inefficient and premature to submit a joint proposed protective order in this Court when privilege

13   and confidentiality issues and arbitration materials will need to be addressed in an arbitration

14   forum.

15   G.   Discovery Disputes:

16   **Plaintiffs' Position:**

17   Discovery in this action began on October 12, 2018, the date of the parties' Rule 26(f)

18   conference, in accordance with Federal Rule of Civil Procedure 26(d)(1).  Plaintiffs disagree that

19   a stay of discovery is appropriate.  Plaintiffs have served narrowly tailored discovery requests,

20   discussed in Section 8.A., *supra*, and Plaintiffs are prepared to discuss measures for reducing any

21   burden or prejudice claimed by Defendant (by considering a prioritized production on a rolling

22   basis, for example).

23   **Defendant's Position:**

24   All proceedings, including discovery, should be stayed pending resolution of the

25   arbitration proceedings.  In particular, any discovery disputes over arbitrated claims will be

26   governed by the procedural rules of the arbitration forum and not the rules of this Court.

27

28

1

**9.**     **Class Actions:**

2

**Plaintiffs' Position:**

3

Pursuant to Local Rule 16-9(b), Plaintiffs submit the following information:

4

(1)     Plaintiffs contend that this action is maintainable as a class action under

5

paragraphs (a), (b)(2), and (b)(3) of Federal Rule of Civil Procedure 23.

6

(2)     Plaintiffs bring this action on behalf of the following proposed classes:

7

**Autodialed No Consent Class**: Each person in the United States

8

who (1) on or after May 18, 2014; (2) received at least one non-

9

emergency text message on his or her cellular phone; (3) from

10

Defendant or a third party acting on behalf of Defendant; (4) which

11

was sent using the same dialing system or systems used to send the

12

text messages sent to the named Plaintiffs in this case; and (5) for

13

whom Defendant (a) has no record of prior express consent, or (b)

14

claims it obtained prior express consent in the same manner as

15

Defendant purports to have obtained prior express consent to send

16

text messages to Plaintiffs.

17

**Replied Stop Class**: Each person in the United States who (1) on or

18

after May 18, 2014; (2) received at least one non-emergency text

19

message on his or her cellular telephone; (3) from Defendant or a

20

third party acting on behalf of Defendant; (4) which was sent using

21

the same dialing system or systems used to send the text messages

22

sent to the named Plaintiffs in this case; and who (5) replied to the

23

text message with the words "stop," "end," "cancel," or similar

24

language; and (6) thereafter received at least one additional text

25

message to the same cellular telephone number other than a single

26

text message confirming the opt-out request

27

(3)     The following facts alleged in the Consolidated Complaint (Dkt. No. 46)

28

demonstrate that this action is maintainable as a class action:

1    **Numerosity**: Plaintiffs believe there are thousands of class members. While Plaintiffs

2    expect to learn more about the size of the class through discovery, Plaintiffs' belief is based, at

3    least in part, on the following information: (1) consumers have lodged complaints online about

4    receiving the same unwanted text messages from Defendant, (2) the purpose of automated dialers

5    is to call or text message numerous persons in a short amount of time, (3) the failure to honor stop

6    requests appears systemic.

7    **Common Questions**: The principal factual issues (*supra* part 2) and disputed points of

8    law (*supra* part 3) are common to all class members and predominate over any individual

9    questions because these issues of fact and law will drive the resolution of the claims. Uber's

10   system either qualifies as an ATDS for every class member or it does not. Likewise, a stop

11   request either qualifies as a revocation of consent to receive text messages for the named

12   Plaintiffs and Class members or it qualifies as to none of them.

13   **Typicality**: Plaintiffs' claims are typical of those of the classes, as all members of the

14   classes have been injured by Defendant's uniform misconduct: (i) the use of an automatic

15   telephone dialing system to send text messages without the receiving party's prior express

16   consent to receive such messages, and (ii) the failure to honor "Stop" requests.

17   **Adequacy**: Plaintiffs have no interests adverse or antagonistic to those of the class and

18   have retained competent and experienced counsel to prosecute the action.

19   **Superiority**: Given the size of each individual class members' claims, the expense and

20   burden of litigation make it economically and procedurally impracticable for class members to

21   pursue individual claims, and a class action presents no manageability issues.

22   **Defendant's Common Conduct:** Defendant has acted or refused to act on grounds

23   generally applicable to the class, making final injunctive relief and declaratory relief appropriate

24   with respect to the class as a whole

25   **Risk of Inconsistent Adjudications**: The prosecution of separate actions by individual

26   class members would create a risk of inconsistent or varying adjudications.

27   Assuming there is no stay of discovery in this matter, Plaintiffs presently anticipate

28   moving for class certification under Rule 23 no later than May 23, 2019.

1    **Defendant's Position:**

2         The binding agreements entered into by multiple Plaintiffs prohibit any class action

3    treatment of the arbitrated claims, which can be resolved only on an individual basis in

4    arbitration.  In any event, Defendant denies that Plaintiffs can meet their burden of establishing

5    that any class can be certified here.

6         **10.    Related Cases:**

7         The following four cases have been related:

8         - *Fridman, et al. v. Uber Technologies, Inc. et al.*, No. 4:18-cv-02815-HSG (N.D.

9           Cal.)

10        - *Manning, et al. v. Uber Technologies, Inc.*, No. 4:18-cv-02931-HSG (N.D. Cal.)

11        - *Vario v. Uber Technologies, Inc.*, No. 4:18-cv-03829-HSG (N.D. Cal.)

12        - *Bollinger v. Uber Technologies, Inc.*, No. 3:18-cv-04538-HSG (N.D. Cal.)

13        The parties are not aware of any other related cases or proceedings pending before another

14   judge of this court, or before another court or administrative body.

15        **11.    Relief:**

16        **Plaintiffs' Position**

17        Plaintiffs seek: (a) an order certifying the classes under Rule 23 and appointing Plaintiffs

18   and their counsel to represent the class; (b) an injunction, together with appropriate declaratory

19   relief, requiring Defendant to cease all unsolicited text messaging activity, and to otherwise

20   protect the interests of the general public; (c) an injunction, together with appropriate declaratory

21   relief, prohibiting Defendant from using, or contracting the use of, an automatic telephone

22   dialing system without obtaining recipients' consent to receive calls or text messages made with

23   such equipment; (d) an injunction, together with appropriate declaratory relief, prohibiting

24   Defendant from continuing to send text messages to persons who have opted-out by replying

25   "stop" or with similar commands, and who have not subsequently opted-in by responding

26   "start"; (e) statutory damages, as described below (f) an order awarding Plaintiffs and the class

27   their reasonable costs and expenses incurred in the action, including counsel and expert fees; and

28   (g) such other and further relief as the Court deems just and proper.

Plaintiffs seek $500 in statutory damages for each text message that Defendant or its agent negligently sent in violation of the TCPA and $1,500 in statutory damages for each text message that Defendant or its agent willfully or knowingly sent in violation of the TCPA. The TCPA provides for these damages in section 227(b)(3). The number of text messages Plaintiffs received, and whether those calls were sent knowingly or willfully, will be developed through discovery.

**Defendant's Position:**

Defendant denies that Plaintiffs are entitled to recover any damages or relief whatsoever and further deny that Plaintiffs may maintain this action as a class action.

**12.    Settlement and ADR:**

Pursuant to Local Rule 16-8 and ADR Local Rule 3-5, the parties met and conferred with respect to ADR on August 14, 2018 (*Manning*), September 18, 2018 (*Vario*), and September 28, 2018 (*Bollinger*). In accordance with ADR Local Rule 3-5, the parties have filed ADR Certifications.

**13.    Consent to Magistrate Judge For All Purposes:**

All parties have not consented to have a magistrate judge conduct all further proceedings (including trial and entry of judgment).

**14.    Other References:**

Defendant believes this case should be referred to binding arbitration pursuant to the Arbitration Provisions at issue, and that all proceedings in this Court should be stayed pending the arbitration proceedings.  The parties do not believe that this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:**

At this time, the parties have yet to identify issues that can be narrowed by agreement.

**16.    Expedited Trial Procedure:**

The parties agree that this type of case cannot be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

1   **17.    Scheduling:**

2   **Plaintiffs' Position**

3       Plaintiffs propose the following deadlines in this matter.

4

5

| Event | Proposed Date |
|---|---|
| Amendment of Pleadings | December 3, 2018 |
| Further Case Management Conference | January 22, 2019 |
| Plaintiffs' motion for class certification | No later than May 23, 2019 |
| Defendant's opposition to motion for class certification | No later than June 13, 2019 |
| Plaintiffs' reply in support of motion for class certification | No later than June 27, 2019 |
| Hearing on Motion for Class Certification | July 18, 2019, or as soon thereafter as is convenient for the Court |
| Deadline to Amend the Complaint Regarding Class Certification Matters | 30 days after ruling on class certification |
| ADR | 30 days after ruling on class certification |
| Close of Fact Discovery | July 23, 2019 |
| Exchange Opening Expert Reports | August 22, 2019 |
| Exchange Rebuttal Expert Reports | September 23, 2019 |
| Close of Expert Discovery | October 23, 2019 |
| Motions for summary judgment and *Daubert* motions | November 22, 2019 |
| Responses to motions for summary judgment and *Daubert* motions | December 22, 2019 |
| Replies in support of motions for summary judgment and *Daubert* motions | January 13, 2020 |
| Hearing on motions for summary judgment and *Daubert* motions | January 30, 2020, or as soon thereafter as is convenient for the Court |
| Final Pretrial Conference | April 28, 2020 |
| Jury Trial | May 18, 2020 |

1       **Defendant's Position:**

2       This case, including discovery, should be stayed pending resolution of the arbitration

3   proceedings.  Plaintiffs have entered into binding agreements to resolve all claims in arbitration

4   on an individual basis, and cannot pursue those claims in this forum.  The case should be stayed

5   pending resolution of the arbitration proceedings that will resolve their claims.  It is therefore

6   inappropriate to set case deadlines in this matter.  Defendant proposes that the Court continue this

7   Case Management Conference or set a further Case Management Conference to occur after the

8   Court has ruled on Defendants' forthcoming motion to compel arbitration and to stay the action,

9   which will be filed in approximately two weeks, by November 1, 2018.

10      **18.     Trial:**

11      **Plaintiffs' Position:**

12      Plaintiffs have demanded a jury trial in this matter and anticipate a five-day trial.

13      **Defendant's Position:**

14      Defendant disputes that a trial may proceed on Plaintiffs' claims in this forum.  The

15  applicable agreements between the parties to resolve these claims in arbitration must be enforced.

16  This case should be stayed pending resolution of those claims in an appropriate arbitration forum.

17      **19.     Disclosure of Non-Party Interested Entities or parties:**

18      Each plaintiff has filed the Certification of Interested Entities or Persons required by Civil

19  Local Rule 3-15. Other than the named parties to this action, the parties have no such interest to

20  report.

21      Defendants have filed a "Certification of Interested Entities or Persons" required by Civil

22  Local Rule 3-15, in which Defendants certified that:  (1) Defendant Uber Technologies, Inc. has

23  no parent corporation. SB Cayman 2 Ltd., a private company, owns more than ten percent of Uber

24  Technologies, Inc.'s outstanding stock. SB Cayman 2 Ltd. is a subsidiary of Softbank Group Corp., a

25  publicly-traded corporation. Defendant Rasier, LLC is a wholly owned subsidiary of Uber

26  Technologies, Inc.; and 2) other than the named parties to this action, there are no persons,

27  associations of persons, firms, partnerships, corporations or other entities that (i) have a financial

28  interest in the subject matter of the controversy or in a party to the proceeding, or (ii) a non-

1   financial interest in the subject matter or in a party that could be substantially affected by the

2   outcome of the proceeding.

3   **20.   Professional Conduct:**

4   All counsel of record for the parties have reviewed the Guidelines for Professional

5   Conduct for the Northern District of California.

6   **21.   Other Matters:**

7   The parties are not presently aware of any other matters that may facilitate the just,

8   speedy, and inexpensive disposition of this action.

9

10   Dated: October 16, 2018                    Respectfully submitted,

11                                              By:    /s/ *Simon S. Grille*

12                                              Daniel C. Girard (State Bar No. 114826)
13                                              Angelica M. Ornelas (State Bar No. 285929)
                                                Simon S. Grille (State Bar No. 294914)
14                                              GIRARD SHARP LLP
                                                601 California Street, Suite 1400
15                                              San Francisco, California 94108
                                                Telephone: (415) 981-4800
16                                              Facsimile: (415) 981-4800
                                                Email: dgirard@girardsharp.com
17                                              Email: aornelas@girardsharp.com
                                                Email: sgrille@girardsharp.com
18
19                                              Avi R. Kaufman (*pro hac vice*)
20                                              KAUFMAN P.A.
                                                400 NW 26th Street
21                                              Miami, Florida 33127
                                                Telephone: (305) 469-5881
22                                              Email: kaufman@kaufmanpa.com
23
                                                Steven L. Woodrow (*pro hac vice*)
24                                              Patrick H. Peluso (*pro hac vice*)
                                                Taylor Smith (*pro hac vice*)
25                                              WOODROW & PELUSO, LLC
                                                3900 East Mexico Ave., Suite 300
26                                              Denver, Colorado 80210
                                                Telephone: (720) 213-0675
27                                              Facsimile: (303) 927-0809
                                                Email: swoodrow@woodrowpeluso.com
28

1

Email: ppeluso@woodrowpeluso.com
Email: tsmith@woodrowpeluso.com

2

3

*Interim Lead Plaintiffs' Counsel*

4

Dated: October 16, 2018          By:    */s/ Tiffany Cheung*

5

6

Tiffany Cheung
Lucia Xochiquetzal Roibal

7

Morrison & Foerster LLP
425 Market Street

8

San Francisco, California 94105
Telephone:  (415) 268-7315

9

Facsimile:  (415) 268-7522
tcheung@mofo.com

10

lroibal@mofo.com

11

Adam J. Hunt

12

Morrison & Foerster LLP
250 West 55th Street

13

New York, New York 10019-9601
Telephone: (212) 336-4341

14

Facsimile: (212) 468-7900
AdamHunt@mofo.com

15

16

*Attorneys for Defendant Uber Technologies, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

1
## **ATTESTATION**

2       I, Tiffany Cheung, am the ECF user whose identification and password are being used to

3   file this Joint Case Management Statement.  I attest under penalty of perjury that concurrence in

4   this filing has been obtained from all signatories above.

5

6   Dated:  October 16, 2018                                   */s/ Tiffany Cheung*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28