TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
LUCIA X. ROIBAL (CA SBN 306721)
LRoibal@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

ADAM J. HUNT, *pro hac vice*
AdamHunt@mofo.com
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019-9601
(212) 336-4341
(212) 468-7900 (fax)

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UBER TEXT MESSAGING | Case No. 4:18-cv-02931-HSG<br><br>**REPLY IN SUPPORT OF MOTION BY DEFENDANT UBER TECHNOLOGIES, INC. TO STAY THE ACTION PENDING A DECISION ON DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Judge:        Hon. Haywood S. Gilliam, Jr.<br>Action Filed:  October 4, 2018<br>Hearing Date: February 14, 2019<br>Time:        2:00 p.m.<br>Courtroom:  2 |

On November 1, 2018, Uber filed a motion to compel arbitration as to three of the five named plaintiffs in this action—Lucius Manning ("Manning"), Carla Vario ("Vario"), and Andrew Katzman ("Katzman") (collectively the "Arbitration Plaintiffs")—and to stay this entire action pending those individual arbitration proceedings, including the claims of Plaintiffs Christopher Ziers and Wanda Rogers.  (*See* ECF No. 57.)  Eight days later, on November 9, 2018, the Arbitration Plaintiffs moved to voluntarily dismiss their claims (ECF No. 58). Later that day, Plaintiffs filed an opposition to Uber's motion to stay the case pending a decision on the motion to compel, arguing that both the motion to stay and the motion to compel are now "moot."  But Uber's motion to compel is still pending and will not be "moot" unless and until the Court approves the Arbitration Plaintiffs' notice to voluntarily dismiss their claims. Accordingly, it remains appropriate to stay this action until the motion to compel has been resolved.

Further, Uber's ongoing investigation has revealed that Ziers created an Uber account in or around June 2016, voluntarily provided his phone number as a part of the account creation process, and agreed to Uber's Terms and Conditions, which includes an arbitration provision governing his claims in this case.  Uber therefore intends to file a motion to compel against Ziers and is meeting and conferring with Plaintiffs' counsel about that motion.  As courts have routinely held, "[i]t is in the interest of conserving the resources of the parties and the court to stay discovery in this action pending a determination of the motion to compel arbitration." *Miceli v. Citigroup, Inc.*, 2:15-cv-01962-GMN-VCF, 2016 WL 1170994, at *2 (D. Nev. Mar. 22, 2016); *see also Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) ("Courts routinely grant stays under similar circumstances[]" where a motion to compel arbitration is pending.); *Andrus v. D.R. Horton, Inc.*, No. 2:12-cv-00098-ECR-VCF, 2012 WL 1971326, at *3 (D. Nev. June 1, 2012) (citing *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)) (granting motion to stay pending resolution of motion to compel); *Stiener v. Apple Comput., Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 28, 2007) (granting motion to stay and noting that it "is a common practice while motions to compel are pending").  Plaintiffs' Opposition does not

address any of the overwhelming authority granting stays in circumstances identical to those here.

The Court should therefore stay this action pending the resolution of all motions to compel arbitration filed in this action.

Dated: November 16, 2018

TIFFANY CHEUNG
ADAM J. HUNT, *pro hac vice*
LUCIA X. ROIBAL
MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
TIFFANY CHEUNG

Attorneys for Defendant
UBER TECHNOLOGIES, INC.