Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
GIRARD SHARP LLLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4800
*dgirard@girardsharp.com*
*aornelas@ girardsharp.com*
*sgrille@girardsharp.com*

Steven L. Woodrow (*pro hac vice*)
Patrick H. Peluso (*pro hac vice*)
Taylor Smith (*pro hac vice*)
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile:  (303) 927-0809
*swoodrow@woodrowpeluso.com*
*ppeluso@woodrowpeluso.com*
*tsmith@woodrowpeluso.com*

Avi R. Kaufman (*pro hac vice*)
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
*kaufman@kaufmanpa.com*

*Interim Lead Plaintiffs' Counsel*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE UBER TEXT MESSAGING | Case No. 4:18-cv-02931-HSG<br><br>**RESPONSE TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY THE ACTION PENDING ARBITRATION**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Action Filed: October 4, 2018<br>Hearing Date: February 14, 2019<br>Time: 2:00pm<br>Courtroom: 2 |

Defendant Uber's Motion to Compel Arbitration and to Stay the Action Pending Arbitration should be denied as moot because the Plaintiffs in this action whom Uber claims are subject to arbitration agreements have voluntarily dismissed their claims. As such, there are no Plaintiffs remaining in this action against whom Defendant has sought to compel arbitration. Therefore, the Court should deny the Motion as moot and order the parties to submit a revised Joint Case Management Statement that includes a proposed case schedule.

## I. BACKGROUND

On November 1, 2018, Uber filed a Motion to Compel Arbitration and to Stay the Action Pending Arbitration. Dkt. No. 57. In its Motion to Compel Arbitration, Uber asserted that Plaintiffs Lucius Manning, Andrew Katzman, and Carla Vario had agreed to arbitrate their claims, and Uber requested that the Court compel arbitration of those claims. *Id.* Uber further asserted that the Court should stay the claims of the remaining two Plaintiffs—Wanda Rogers and Christopher Ziers—even though Defendant did not move to compel arbitration of Rogers's or Ziers's claims. *Id.*[1]

On November 9, 2018, Plaintiffs Manning, Katzman, and Vario voluntarily dismissed their claims in this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. No. 58. Only the claims of Plaintiffs Rogers and Ziers—against whom no motion to compel arbitration has been filed—remain pending before this Court.

## II. ARGUMENT

The Court should deny the Motion to Compel Arbitration as moot because Plaintiffs Manning, Katzman, and Vario—the plaintiffs against whom Uber sought to compel arbitration—have dismissed their claims and are no longer parties to this action. Contrary to Uber's conclusory assertion in a subsequent filing that Plaintiffs' Notice of Voluntary Dismissal requires further action by this Court, *see* Dkt. No. 60 at 1, voluntary dismissal under Rule 41(a)(1) takes effect upon filing. *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("[D]ismissal [under Rule

---

[1] In its Reply in Support of its Motion to Stay, Uber belatedly asserts that Plaintiff Ziers's claims are also subject to arbitration. Dkt. No. 60 at 1. Uber has not moved to compel arbitration as to Plaintiff Ziers, however, and this assertion has no bearing on the instant Motion to Compel.

41(a)(1)] is effective on filing and no court order is required.") (citing *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995)). While this Court has recognized "'some uncertainty,'" *see, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) (quoting *Lyons v. Bank of Am., NA*, No. C 11– 1232, 2012 WL 5940846, at *1 & n.1 (N.D. Cal. Nov. 27, 2012)), about whether Rule 23(e) requires courts to engage in a "lighter form" of review of voluntary dismissals of class action plaintiffs prior to class certification, *id.*, other courts have concluded that the plain language of Rule 23(e) unambiguously dictates that Rule 23(e)'s judicial review requirement does not apply to voluntary pre-certification dismissals under Rule 41(a)(1). *See, e.g., Jackson v. Innovative Sec. Servs., LLC*, 283 F.R.D. 13, 15 (D.D.C. 2012) (where a matter was not certified as a class action, "plaintiffs' request for dismissal of the class action claim is appropriate under Federal Rule 41(a)(1), which provides that a plaintiff may voluntarily dismiss an action without court approval provided that the opposing party has not filed an answer or motion for summary judgment.") (citing Fed.R.Civ.P. 41(a)(1)(A)(i), *Logue v. Nissan North America, Inc.*, No. 08-2023-STA/DKV, 2008 WL 2987184 (W.D.Tenn. July 30, 2008) (noting that the plain language of Rule 23(e) applies only to certified classes); *see also* Fed. R. Civ. P. 23(e) advisory committee's note (2003) ("The new rule requires approval only if the claims, issues, or defenses of a *certified* class are resolved by a settlement, voluntary dismissal, or compromise" (emphasis added)).

Even if this Court were to inquire into Plaintiffs' voluntary dismissal, such review would be limited. *See Dunn,* 2016 WL 153266, at *3 (observing that Rule 23(e) review prior to class certification "does not entail 'the kind of substantive oversight required when reviewing a settlement binding upon the class'") (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)). "Under *Diaz*, the Court must assess potential prejudice to the putative class members from: (1) 'possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances'; (2) 'lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations'; and (3) 'any settlement or concession of class interests made by the class representative or counsel in order to further their own

- 3 -
RESPONSE TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO COMPEL
ARBITRATION AND TO STAY THE ACTION PENDING ARBITRATION
CASE NO. 4:18-CV-02931-HSG

interests.'" *Id.* (quoting 876 F.2d at 1408). Given that other Plaintiffs still remain as putative class representatives, there is no risk of harm to absent putative class members. Accordingly, there is no impediment to the voluntary dismissal of Plaintiffs Katzman, Manning, and Vario.

As there are no longer any claims in this matter subject to Uber's motion, this Court should deny the Motion as moot. *See Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (noting that "[m]ootness is a jurisdictional issue"). Moreover, because there is no longer a pending motion to compel arbitration as to any current plaintiff, there is also no longer any colorable basis for staying proceedings as to the remaining Plaintiffs. *See id.*.

### III. CONCLUSION

Defendant's Motion to Compel Arbitration was rendered moot by the voluntary dismissal of Plaintiffs Manning, Katzman, and Vario. Plaintiffs Rogers and Ziers therefore respectfully request that the Court deny Defendant's Motion to Compel Arbitration and to Stay and order the parties to submit a revised Joint Case Management Statement with a proposed case schedule in accordance with Civil Local Rule 16-9(a).

Dated: November 21, 2018                                         Respectfully submitted,

By:     /s/ *Simon S. Grille*
Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
GIRARD SHARP LLLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4800
*dgirard@girardsharp.com*
*aornelas@ girardsharp.com*
*sgrille@girardsharp.com*

Avi R. Kaufman (*pro hac vice*)
Kaufman P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

Steven L. Woodrow (*pro hac vice*)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (*pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor Smith (*pro hac vice*)
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Interim Lead Plaintiffs' Counsel*