Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
GIRARD SHARP LLLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4800
*dgirard@girardsharp.com*
*aornelas@girardsharp.com*
*sgrille@girardsharp.com*

Steven L. Woodrow (*pro hac vice*)
Patrick H. Peluso (*pro hac vice*)
Taylor Smith (*pro hac vice*)
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
*swoodrow@woodrowpeluso.com*
*ppeluso@woodrowpeluso.com*
*tsmith@woodrowpeluso.com*

Avi R. Kaufman (*pro hac vice*)
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
*kaufman@kaufmanpa.com*

*Interim Lead Plaintiffs' Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UBER TEXT MESSAGING | Case No. 4:18-cv-02931-HSG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE ACTION**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Action Filed: October 4, 2018<br>Hearing Date: February 14, 2019<br>Time: 2:00pm<br>Courtroom: 2 |

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     FACTUAL BACKGROUND ...............................................................................1

        A.      Uber Sent Text Messages to Plaintiffs Without Their Prior Express Consent ...............1

        B.      Uber Has Refused All Requests to Provide Any Confirming Factual
                Information in Support of its Assertion that Mr. Ziers Agreed to Arbitration. ...............2

        C.      Christopher Ziers Does not Recall Registering an Account With Uber and Has
                no Records of Such Registration.................................................................3

III.    ARGUMENT .........................................................................................................4

        A.      The Motion to Compel Arbitration Fails Because Uber Cannot Meet its Burden
                of Showing That There Is no Genuine Dispute Over Whether an Agreement to
                Arbitrate Was Formed Between it and Mr. Ziers. ..........................................4

                i.      Legal Standard and Choice of Law.....................................................5

                ii.     Plaintiffs' Evidence Demonstrates a Genuine Dispute as to Whether Mr.
                        Ziers Agreed to Arbitrate any Claims Against Uber. ..........................6

                iii.    Uber's Refusal to Disclose Essential Evidence Uniquely Within Its
                        Possession Prevents It From Meeting Its Burden. ...............................8

                iv.     All Reasonable Inferences Support Plaintiffs' Position.........................9

                v.      Legitimate Concerns About the Credibility of Uber's Evidence in
                        Support of Its Motion to Compel Arbitration Further Preclude Uber
                        From Meeting Its Burden.................................................................10

        B.      If the Court Does not Deny Uber's Motion, Plaintiffs Request a Trial .........11

        C.      This Action Should Not Be Stayed as to Either Plaintiff..............................11

                i.      This Action Should Not Be Stayed as to Mr. Ziers. .........................12

                ii.     This Action Also Should Not Be Stayed as to Ms. Rogers, Regardless of
                        Whether the Court Stays Mr. Ziers' Claims. ...................................12

IV.     CONCLUSION....................................................................................................15

PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO
COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE
ACTION
CASE NO. 4:18-CV-02931-HSG

# TABLE OF AUTHORITIES

**Cases**

*Amaya v. Spark Energy Gas, LLC*
    2016 WL 1410755 (N.D. Cal. Apr. 11, 2016) ......................................................................5

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986) .............................................................................................................6

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*
    475 U.S. 643 (1986) .............................................................................................................5

*Berman v. Freedom Fin. Network, LLC*
    2018 WL 2865561 (N.D. Cal. June 11, 2018) ..................................................................5, 8

*Binder v. Aetna Life Ins. Co.*
    75 Cal. App. 4th
     89 Cal. Rptr. 2d 540 (Ct. App. 1990).................................................................................8

*Bischoff v. DirecTV, Inc.*
    180 F. Supp. 2d 1097 (C.D. Cal. 2002) .............................................................................13

*Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*
    816 F.3d 1208 (9th Cir. 2016)......................................................................................5, 6, 8

*Concat LP v. Unilever, PLC*
    350 F. Supp. 2d 796 (N.D. Cal. 2004) ...............................................................................10

*Congdon v. Uber Techs., Inc.*
    226 F. Supp. 3d 983 (N.D. Cal. 2016) ...........................................................11, 13, 14, 15

*Dean Witter Reynolds, Inc. v. Byrd*
    470 U.S. 213 (1985)........................................................................................................12, 13

*Ferrari v. Mercedes Benz USA, LLC*
    2018 WL 3399320 (N.D. Cal. Jan. 18, 2018) ................................................................12, 13

*Granite Rock Co. v. Int'l Bhd. of Teamsters*
    561 U.S. 287 (2010)................................................................................................................5

*Hatcher v. Family Dollar Store, Inc.*
    2010 WL 1257736 (D.N.J. Mar. 26, 2010)..........................................................................8, 9

*Hill v. G E Power Sys., Inc.*
    282 F.3d 343 (5th Cir. 2002)................................................................................................14

ii

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*
298 F. Supp. 3d 1285 (N.D. Cal. 2018) ....................................................................................13

*Lee v. Postmates Inc.*
2018 WL 4961802 (N.D. Cal. Oct. 15, 2018) .....................................................................11, 12

*Masson v. New Yorker Magazine, Inc.*
501 U.S. 496 (1991) ..............................................................................................................6

*McGrath v. City of Albuquerque*
2015 WL 4997153 (D.N.M. July 31, 2015) .........................................................................9

*McLellan v. Fitbit, Inc.*
2017 WL 4551484 (N.D. Cal. Oct. 11, 2017) .................................................................11, 12

*Norcia v. Samsung Telecommunications Am., LLC*
845 F.3d 1279 (9th Cir.)
cert. denied, 138 S. Ct. 203 (2017) ........................................................................................6

*Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.*
636 F.2d 51 (3d Cir.1980) .......................................................................................................6

*S.E.C. v. Koracorp Indus., Inc.*
575 F.2d 692 (9th Cir.1978) ..................................................................................................10

*S.E.C. v. M & A W., Inc.*
538 F.3d 1043 (9th Cir. 2008) ..........................................................................................5, 10

*Schoonejongen v. Curtiss–Wright Corp.*
143 F.3d 120 (3d Cir.1998) .....................................................................................................9

*Simula, Inc. v. Autoliv, Inc.*
175 F.3d 716 (9th Cir. 1999) .................................................................................................11

*Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*
925 F.2d 1136 (9th Cir. 1991) ......................................................................................4, 5, 6, 9

*United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*
46 F. App'x 412 (9th Cir. 2002) ..........................................................................................12

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*
363 U.S. 574 (1960) ..............................................................................................................5

*Wolf v. Langemeier*
2010 WL 3341823 (E.D. Cal. Aug. 24, 2010) .....................................................................13

iii

*WorldCrisa Corp. v. Armstrong*
   129 F.3d 71 (2d Cir. 1997).....................................................................................14

**Statutes**

9 U.S.C. § 3.............................................................................................................12

**Other Authorities**

10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND
   PROCEDURE, § 2726 (3d ed. 2009)............................................................................8

10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND
   PROCEDURE, § 2726 (3d ed.2014)..............................................................................9

10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND
   PROCEDURE, § 2726 (4d ed. 2019) ............................................................................4

RESTATEMENT (SECOND) OF CONTRACTS § 17 (1981)...................................................8

PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO
COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE
ACTION
CASE NO. 4:18-CV-02931-HSG

**COUNTER-STATEMENT OF ISSUES TO BE DECIDED**

1.      Has Uber met its burden of demonstrating that there is no genuine dispute that Mr. Ziers entered into a contract with Uber to arbitrate his claims?

2.      If so, should the Court stay any portion of these proceedings pending arbitration?

PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE ACTION
CASE NO. 4:18-CV-02931-HSG

# I.     INTRODUCTION

Uber's motion to compel arbitration should be denied, because Uber has failed to show that there is no genuine dispute as to whether Plaintiff Christopher Ziers assented to its Terms and Conditions, including an agreement to submit his claims to arbitration.  To the contrary, Uber has withheld evidence that it claims to have proving that an agreement was formed between Uber and Ziers and has presented a shifting account of facts surrounding the alleged contract formation.  Uber asks this Court to enforce a purported agreement to arbitrate, armed only with the self-interested declarations of its employees.  Uber's showing is not sufficient.

Ziers disputes the account given by Uber's employees.  On its own, his testimony makes it impossible to summarily grant Uber's motion and requires instead that Uber prove before a trier of fact that an agreement to arbitrate was formed.  Several additional factors strengthen Plaintiffs' position.  Uber refuses to produce evidence in support of its motion that should be readily available, and that Uber *claims to have in its possession*.  Moreover, in addition to disputing Uber's account of events, Ziers has testified to additional facts confirming his account and leading to reasonable inferences that Uber's account is not accurate.  Finally, Uber has put the credibility of its employee declarants at stake, making a trial appropriate.

Uber has also moved for a stay of all proceedings, not only as to Ziers, but also as to Plaintiff Wanda Rogers, whom Uber has never claimed is subject to arbitration.  Uber's motion for a stay is contrary to the weight of authority in this district, in which courts have consistently found a stay prejudices plaintiffs who never consented to arbitration.

# II.    FACTUAL BACKGROUND

## A.     Uber Sent Text Messages to Plaintiffs Without Their Prior Express Consent

Plaintiffs filed their operative complaint on October 4, 2018, alleging that Uber used an automatic telephone dialing system ("ATDS") to send them text messages that they did not consent to receive.  Dkt. No. 46.  Plaintiffs received dozens of "Uber code" text messages from Uber even though they had never used the Uber app and never drove for Uber.  *Id.*  ¶¶ 13-26, 41-45.  Uber continued to send these text messages even after Plaintiffs requested in writing that Uber stop sending them.  *Id.*  On

PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO
COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE
ACTION
CASE NO. 4:18-CV-02931-HSG

behalf of themselves and others similarly situated, Plaintiffs assert negligent and knowing or willful violations of the Telephone Consumer Protection Act ("TCPA") arising from Uber's text messaging practices. *Id.* ¶ 65, 74-86. Plaintiffs also assert violations of California's Unfair Competition Law arising out of the same text messaging practices. *Id.* ¶¶ 87-95.

**B.    Uber Has Refused All Requests to Provide Any Confirming Factual Information in Support of its Assertion that Mr. Ziers Agreed to Arbitration.**

On November 1, Uber moved to compel arbitration as to the claims of former plaintiffs Lucius Manning, Andrew Katzman, and Carla Vario. Dkt. No. 57. Uber claimed that these three individuals registered accounts with Uber and agreed to arbitrate their claims pursuant to Uber's Terms and Conditions. *Id.* In the November 1 motion, however, Uber did not argue that Ziers or Rogers agreed to its Terms and Conditions. *Id.* On November 9, Plaintiffs Manning, Katzman, and Vario voluntarily dismissed their claims in this action without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. No. 58.

On November 13, Uber's counsel contacted Plaintiffs' counsel and indicated, for the first time, that Uber would claim that Ziers agreed to arbitrate his claims. Declaration of Simon S. Grille ("Grille Decl.") ¶ 2. Based only on this verbal representation, Uber asked Ziers to voluntarily dismiss his claims. *Id.* Plaintiffs asked Uber for evidence of an agreement on the part of Ziers to arbitrate his claims. *Id.*

On December 4, Uber sent Plaintiffs the declaration of Naveen Narayanan (the "Narayanan Decl.") and an archived copy of Uber's 2016 Terms and Conditions. *Id.* ¶ 3. Uber did not provide any other documents and did not make any representation that Mr. Ziers ever ordered a ride through the Uber app. *Id.* On December 5, Plaintiffs asked Uber to explain the source of delay in identifying records that allegedly demonstrate that Mr. Ziers registered an account with Uber. *Id.* ¶ 4. Plaintiffs also asked Uber to explain why it did not move to compel Mr. Ziers's claims when it moved to compel the claims of Vario, Katzman, and Manning. *Id.* Uber refused to provide the information requested. *Id.* On December 7, pursuant to Local Rule 30-1, Plaintiffs called Uber to request Mr. Narayanan's availability for a deposition. *Id.* ¶ 5. Uber responded that it would not produce Mr. Narayanan for deposition. *Id.*

2

Uber filed the present Motion to Compel Arbitration on December 17.  Uber's filing included not only the Narayanan Declaration but also a separate declaration from a paralegal who claims that Ziers used the Uber app to request and subsequently cancel a ride.  Declaration of Dylan Tonti ("Tonti Decl.") ¶ 5.  Mr. Tonti asserts that Uber's records support this contention, but no such records are attached to the declaration.  *Id.*  Uber had never previously claimed that Mr. Ziers ordered and canceled a ride.  *See* Grille Decl. ¶¶ 3, 6.  In light of Uber's delay in asserting that Mr. Ziers agreed to arbitrate his claims and Uber's references to Uber records that it refuses to produce, Plaintiffs noticed the deposition of Naveen Narayanan to examine him about Uber's records and the assertions in his declaration.  *Id.* ¶ 7.

Uber objected to Plaintiffs' deposition notice, and the parties met and conferred on January 2. *Id.* ¶ 8.  Uber refused to produce Mr. Narayanan and said it would move for a protective order.  *Id.* Plaintiffs offered to withdraw the deposition notice if Uber would agree to produce some or all of the documentary evidence reference in its employee's declarations.  *Id.* ¶ 9.  Plaintiffs requested *any* of the following: i) the records identified in the Narayanan and Tonti declarations that allegedly demonstrate that Mr. Ziers completed the registration process and requested a ride, ii) emails between Mr. Ziers and Uber concerning Mr. Ziers's alleged registration and ride request, such as a registration confirmation message, or iii) the credit card number that Mr. Ziers allegedly submitted to Uber.  *Id.*  Plaintiffs emphasized that providing the credit card number would go a long way in helping Plaintiffs to evaluate Uber's contention.  *Id.*  After considering this request, Uber refused to provide any of the requested information.  *Id.*  Uber did not identify any impediments to production, such as undue burden or privilege.  *Id.*

## C.    Christopher Ziers Does not Recall Registering an Account With Uber and Has no Records of Such Registration.

Christopher Ziers has no recollection of completing Uber's registration process.  Declaration of Christopher Ziers ("Ziers Decl.") ¶ 2.  He does not recall ordering a ride and cancelling it in June 2016. *Id.* ¶ 3.  Mr. Ziers searched his emails and found no evidence of using the Uber app to register an account with Uber.  *Id.* ¶¶ 6-7.  Mr. Ziers does not delete his emails and would have saved any email

PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE ACTION
CASE NO. 4:18-CV-02931-HSG

indicating that he registered with Uber.  *Id.* ¶ 5.  Mr. Ziers also reviewed his credit card and bank statements but found no entries relating to Uber.  *Id.* ¶ 9.

While Mr. Ziers owned an Android phone in 2016, he did not use it to sign up for Uber.  *Id.* ¶ 10.  Mr. Ziers's Android phone prevented him from downloading third party apps such as Uber, so he could not have used it to download the Uber app.  *Id.*  Mr. Ziers is cautious about providing credit card information online or through smartphone apps because he is concerned about identity theft.  *Id.* ¶ 11.  He does not believe that he provided his credit card information to Uber.  *Id.*

## III.    ARGUMENT

### A.    The Motion to Compel Arbitration Fails Because Uber Cannot Meet its Burden of Showing That There Is no Genuine Dispute Over Whether an Agreement to Arbitrate Was Formed Between it and Mr. Ziers.

Uber bears the burden of demonstrating that there is no genuine dispute with respect to whether Ziers agreed to arbitrate his claims.  *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991).  Uber claims a wealth of experience in defending the enforceability of its arbitration agreements.  *See* Mot. at 1-2 (listing cases in this district in which its arbitration agreement has been found enforceable).  But proving the enforceability of its Terms and Conditions in the abstract does not speak to whether Ziers ever assented to them.  Although it claims to possess business records documenting Ziers' assent, Uber refuses to put forth any documentary evidence of this essential fact, relying instead on self-interested declarations by its employees.  As a result, there are at least four ways in which Uber is unable to bear its burden of showing that there is no genuine issue with respect to contract formation.

First, Ziers' own testimony contradicts the testimony of Uber's employees.  Ziers has no recollection of the facts asserted by Uber, and Ziers testifies to material facts that are inconsistent with Uber's account.  Second, it is inappropriate to grant a motion to compel arbitration where the moving party has access to evidence not available to the nonmoving party but withholds it.  *See* 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, § 2726 (4d ed. 2019).  Uber claims to have accurate records documenting events it alleges took place more than two-and-a-half years ago, while Ziers unsurprisingly is unable to offer affirmative proof of an event he

claims never happened.  Accordingly, it is inappropriate for Uber to claim that there is no factual dispute while hiding its factual evidence from Ziers and from the Court.  Third, all reasonable inferences support Ziers' position.  *See Three Valleys*, 925 F.2d at 1141.  For example, while Uber has a documented practice of sending confirmation e-mails to new registrants, Ziers has no such e-mail but does have other e-mails from Uber inviting him to register.  In light of these facts, a reasonable inference must be drawn that Ziers did not assent to Uber's arbitration agreement.  Fourth, Uber's own conduct with respect to this motion raises legitimate concerns about the credibility of the bare declarations of its employees, making it inappropriate to grant its motion to compel.  *See S.E.C. v. M & A W., Inc*., 538 F.3d 1043, 1054–55 (9th Cir. 2008).

### i. Legal Standard and Choice of Law

"'[A]rbitration is a matter of contract[,] and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)); *see also Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1212 (9th Cir. 2016) ("Starting with first principles, we reiterate the Supreme Court's repeated admonition that '[a]rbitration is strictly a matter of consent.'" (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010))).  "[I]t is 'well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide.'" *Id.* (quoting *Granite Rock*, 561 U.S. at 296-7).

"When considering a motion to compel arbitration, the court applies a standard similar to the summary judgment standard of Fed. R. Civ. P. 56....If there is doubt as to whether such an agreement exists, the matter should be resolved through an evidentiary hearing or mini-trial." *Amaya v. Spark Energy Gas, LLC*, No. 15-CV-02326-JSW, 2016 WL 1410755, at *3 (N.D. Cal. Apr. 11, 2016) (quotations omitted).  "When a party opposes a motion to compel arbitration on the ground that no agreement to arbitrate was made, the court 'should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.'" *Berman v. Freedom Fin. Network, LLC*, No. 18-CV-01060-DMR, 2018 WL 2865561, at *2 (N.D. Cal. June 11, 2018) (quoting *Three Valleys*, 925 F.2d

at 1141); *see also Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) ("On summary judgment, we must draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986))).  "'Only when there is no genuine issue of fact concerning the formation of the [arbitration] agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement.'"  *Three Valleys*, 925 F.2d at 1141 (quoting *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51 (3d Cir.1980)).

The Court should "'apply ordinary state-law principles that govern the formation of contracts' to decide whether an agreement to arbitrate exists." *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1283–84 (9th Cir.), cert. denied, 138 S. Ct. 203 (2017) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  Given that Uber is located in California and that this action was filed in district court in this state, Plaintiffs do not dispute Uber's contention that questions concerning whether an agreement to arbitrate was formed are governed by California law.[1]  (*See* Mot. at 9-10.)  In any event, choice of law has no bearing on Plaintiffs' arguments that Mr. Ziers did not enter into a contract with Uber.  *See Casa del Caffe*, 816 F.3d at 1212 ("[U]nder federal common law— or, indeed, under any law of which we are aware—where the parties to a 'contract' have not mutually consented to be bound by their agreement, they have not formed a true contract.").

### ii.   Plaintiffs' Evidence Demonstrates a Genuine Dispute as to Whether Mr. Ziers Agreed to Arbitrate any Claims Against Uber.

Uber fails to meet its burden of showing that there is "no genuine issue of fact concerning the formation" of a contract to arbitrate Mr. Ziers' claims.  *Three Valleys*, 925 F.2d at 1141 (quotations omitted).  Ziers disputes that he registered an account with Uber and disputes that he entered into a contract with Uber as part of the registration process.

Citing only declarations from its own employees, Uber asserts that Ziers voluntarily registered for and used Uber's services with an Android smartphone.  Mot. at 3.  According to Uber, "a rider

---

[1] Plaintiffs do not concede, however, that the Choice of Law provision in Uber's Terms and Conditions has any bearing on this analysis, as Plaintiffs dispute that Ziers ever agreed to those Terms and Conditions.

1   account registered to Ziers was created on June 23, 2016," and during the registration process Ziers

2   provided Uber both his cell phone number and credit card number.  *Id*. at 3-4.  Then, Uber claims, Ziers

3   "affirmatively click[ed] 'REGISTER' to confirm his agreement to the Terms & Conditions and Privacy

4   Policy," which may be confirmed by Ziers' having ordered a ride through the Uber app later that day.

5   *Id.* at 5.

6        This account contradicts Ziers' own testimony.  Ziers has no recollection of ever having

7   completed the Uber registration process or ordering a ride through Uber.  Ziers. Decl. ¶¶ 2-3.

8   Moreover, the Android smartphone that Ziers owned in 2016 did not permit him to download third-

9   party apps, making it impossible for Ziers to use his Android smartphone to register for or use Uber's

10  services on that date.  *Id.* ¶ 10.

11        In order to confirm his recollection, Ziers searched his e-mail records and financial statements

12  for any sign that Uber's assertions were correct.  *Id.* ¶¶ 4, 9.  Uber maintains a practice of sending e-

13  mails to newly registered users confirming their registration to use Uber.  *Id*. ¶ 8.  Ziers did not find any

14  e-mails confirming that he had used the Uber app to register with Uber.  *Id*. ¶¶ 6-7.  As Ziers does not

15  have a practice of deleting his e-mails, *id.* ¶ 5, and because Uber has failed to produce any records

16  indicating that Ziers received such a confirmation email, the results of Ziers' search demonstrate that no

17  such e-mail was ever sent.  In light of Uber's practice of sending confirmation e-mails, Uber's not

18  having sent an e-mail to Ziers confirming his registration through the Uber app confirms Ziers'

19  contention that Uber's account is incorrect.

20        Ziers, moreover, *did* find two e-mails from Uber in the course of his search, including one sent

21  on June 23, 2016, and both of these e-mails indicate that Ziers had never downloaded the Uber app or

22  used it to register with Uber.  *Id.* ¶¶ 6-7, Exs. A-B.  At most, the e-mails Ziers found indicate that he or

23  someone else shared his e-mail address with Uber.  Ziers' financial records from the time that Uber

24  claims that he registered also show no activity connected to Uber.  *Id.* ¶ 9.  Moreover, Ziers' general

25  practice of not sharing his financial information online, out of concern for data security, is inconsistent

26  with Uber's claim that he submitted his credit card number.  *Id.* ¶ 11.

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO
COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE
ACTION
CASE NO. 4:18-CV-02931-HSG

1      Because the results of Ziers' search were contrary to Uber's claim that he registered an Uber

2  account, Ziers contacted Uber through counsel in an effort to obtain any information that Uber could

3  provide to substantiate its account.  Grille Decl. ¶¶ 2, 5-9.  In response, Uber refused to provide any

4  further evidence to substantiate the bare declarations of its employees, such as producing its software

5  engineer declarant for deposition, providing records of Ziers' alleged registration kept in its ordinary

6  course of business, or even just turning over Mr. Ziers' credit card number.  *Id.*

7      Under California law, "manifestation of mutual assent is necessary" to create a binding contract.

8  *Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 850, 89 Cal. Rptr. 2d 540 (Ct. App. 1990); *see also*

9  *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1212 (9th Cir. 2016) ("[T]he

10  formation of a contract requires a bargain in which there is a manifestation of mutual assent. . . ."

11  (quoting RESTATEMENT (SECOND) OF CONTRACTS § 17 (1981))).  All relevant facts concerning whether

12  Ziers assented to Uber's Terms and Conditions are in dispute.  Ziers has no recollection of registering

13  with Uber, giving Uber his credit card number, or ordering a ride with Uber.  Such a dispute over the

14  fundamental facts of Ziers' purported assent prevents Uber from satisfying its burden. *See Berman v.*

15  *Freedom Fin. Network, LLC*, No. 18-CV-01060-DMR, 2018 WL 2865561, at *4 (N.D. Cal. June 11,

16  2018) (denying motion to compel arbitration where plaintiff denied having accessed defendant's web

17  site, assenting to arbitration agreement on defendant's web site, or giving defendant his name or contact

18  information).

19      **iii.    Uber's Refusal to Disclose Essential Evidence Uniquely Within Its Possession Prevents It From Meeting Its Burden.**

20      In addition, the "Court must be especially careful when considering summary judgment in cases

21  in which direct evidence of the dispositive facts is within the exclusive control of the defendant and its

22  agents. Injustice can result where a summary judgment movant relies on testimony that, because of the

23  nature of the facts, is incapable of being effectively controverted." *Hatcher v. Family Dollar Store,*

24  *Inc.*, No. CIV. 08-1444 JBS/AMD, 2010 WL 1257736, at *9 (D.N.J. Mar. 26, 2010) (citing 10A

25  Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, §

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO
COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE
ACTION
CASE NO. 4:18-CV-02931-HSG

2726 (3d ed. 2009)).  Uber—a company whose very business model is based on collecting massive amounts of data about its customers[2]—has failed to offer any evidence other than conclusory declarations from its employees and generic screen shots of a registration process that Ziers doesn't recall completing. Uber has not met its burden.  *See McGrath v. City of Albuquerque*, No. CIV 14-0504 JB/SCY, 2015 WL 4997153, at *12 (D.N.M. July 31, 2015) ("[I]f the moving party fails to make a full disclosure of the facts, the court may refuse to grant summary judgment even though the opponent merely denies the facts on information and belief."  (quoting 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, § 2726 (3d ed.2014))); *Hatcher*, 2010 WL 1257736, at *9 ("[W]here there is circumstantial evidence to undermine self-serving testimony about facts within the exclusive knowledge of Defendant, summary judgment can be inappropriate." (citing *Schoonejongen v. Curtiss–Wright Corp.*, 143 F.3d 120, 130 (3d Cir.1998))).

### iv.    All Reasonable Inferences Support Plaintiffs' Position.

Ziers is also entitled to the benefit of all reasonable inferences, and the inferences that may be drawn from both parties' evidence weigh strongly in his favor.  *See Three Valleys*, 925 F.2d at 1141. First, the fact that the Android phone Ziers used in 2016 was unable to download thirds-party apps leads to a reasonable inference that Ziers did not in fact download the Uber app and use it to register for Uber, as Uber contends.  Second, the fact that Ziers has no record of a confirmation e-mail from Uber despite having records of other e-mails from Uber inviting him to register and despite Uber's practice of sending users confirmation e-mails leads to a reasonable inference that Ziers did not complete the Uber registration process.  Third, Ziers' practice of not sharing his credit card information online leads to a reasonable inference that he did not submit this information to Uber, particularly where it is beyond dispute that he did not use the service subsequent to his alleged registration.  Finally, Uber's refusal to provide any evidence to substantiate the claims in its employees' affidavits, even where Plaintiffs had

---

[2] *See, e.g.*, Nancy Scola and Andrea Peterson, *Data Is Uber's Business.  But Protecting It May Be Its Biggest Weakness*, WASH. POST, Nov. 18, 2014, https://www.washingtonpost.com/news/the-switch/wp/2014/11/18/data-is-ubers-business-but-protecting-it-may-be-its-largest-weakness.

9

1    indicated that they would withdraw the pending deposition notice if they received confirming evidence,

2    supports a reasonable inference that such evidence does not exist.

3            v.    **Legitimate Concerns About the Credibility of Uber's Evidence in Support of
              Its Motion to Compel Arbitration Further Preclude Uber From Meeting Its**

4            **Burden.**

5            A motion to compel arbitration cannot succeed where the credibility of the moving party's

6    witnesses is at issue.  *See Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004

7    (motion to compel arbitration evaluated on standard akin to summary judgment standard; *M & A W.,*

8    *Inc.*, 538 F.3d at 1054–55 ("This Court, and others, 'have long recognized that summary judgment is

9    singularly inappropriate where credibility is at issue. Only after an evidentiary hearing or a full trial can

10   these credibility issues be appropriately resolved.'" (quoting *S.E.C. v. Koracorp Indus., Inc.*, 575 F.2d

11   692, 699 (9th Cir.1978

12           The credibility of Uber's witnesses has been put at issue due to several factors, each of which is

13   entirely within Uber's control.  First, Uber belatedly moved to compel arbitration as to Ziers after

14   bringing an initial round of motions directed at three of five named plaintiffs.  *See* Dkt. No. 58.  Uber

15   has offered no explanation of why it did not move to compel Ziers earlier.  Grille Decl. ¶ 4.

16           Second, Uber's story of the events leading to the alleged formation of an agreement to arbitrate

17   has shifted.  On December 4, Uber asserted that Ziers had agreed to Uber's Terms and Conditions upon

18   registering to use Uber on June 23, 2016, and provided as evidence the Narayanan declaration that it

19   now relies upon.  *Id.* ¶ 3.  Uber did not assert that Ziers had ever used Uber to order a ride, nor did it

20   provide any further documentation.  *Id.*  Uber now claims that Ziers used the Uber app in addition to

21   having registered for Uber.  Mot. at 3-5.  Uber has given no explanation for why it previously withheld

22   this material fact from its explanation.  One infers, however, that a rapidly growing company like Uber

23   may simply lack the records to support its contentions.

24           Third, and most importantly, Uber has refused to share *any* information that might confirm the

25   claims of contract formation in the bare affidavits given by its employees, which are supported only by

26   generic screenshots that do not connect specifically to Ziers.  Grille Decl. ¶¶ 5-9.  Out of concern over

27   Uber's suspicious timing in moving to compel arbitration as to Ziers and its shifting story with respect

28

PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO
COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE
ACTION
CASE NO. 4:18-CV-02931-HSG

1    to the alleged contract formation, Plaintiffs noticed the deposition of Uber's software engineer

2    declarant in order to inquire about the integrity of Uber's recordkeeping.  *Id.* ¶¶ 5, 7.  Despite its

3    obligation to address the credibility issues that had surfaced, Uber refused to produce the declarant and

4    instead moved for a protective order.  *Id.* ¶ 8.  Plaintiffs explained to Uber their concerns about its

5    employees' declarations and offered to withdraw the deposition notice if Uber would share *any*

6    supporting information, such as its record of Ziers' registration or even Ziers' credit card number.  *Id.* ¶

7    9.  Uber again refused to share any evidence specific to Ziers apart from the declarations of its

8    employees.  *Id.*

9          Because the credibility of Uber's employee declarants has been put at issue by Uber's own

10   conduct, and because Uber has failed to share evidence that would confirm their accounts, it has failed

11   to meet its burden of showing that there is no genuine dispute as to whether Ziers agreed to arbitrate his

12   claims.

13         **B.     If the Court Does not Deny Uber's Motion, Plaintiffs Request a Trial**

14         Where, as here, the "making of the arbitration agreement" is in issue, "[t]he FAA provides for

15   discovery and a full trial in connection with a motion to compel arbitration."  *Simula, Inc. v. Autoliv,*

16   *Inc.*, 175 F.3d 716, 726 (9th Cir. 1999).  If the Court is not prepared to deny Uber's motion on the basis

17   of the parties' briefing, Plaintiffs request a trial.

18         **C.     This Action Should Not Be Stayed as to Either Plaintiff.**

19         Uber seeks to stay proceedings as to both remaining plaintiffs—Mr. Ziers and Ms. Rogers—

20   even though it does not claim Ms. Rogers is subject to arbitration.  Uber's effort to delay this case is

21   inconsistent with the well-defined consensus in this district that such stays are inappropriate,

22   unnecessary, and prejudicial to plaintiffs' rights.  *See Lee v. Postmates Inc.*, No. 18-CV-03421-JCS,

23   2018 WL 4961802, at *12 (N.D. Cal. Oct. 15, 2018) (citing *McLellan v. Fitbit, Inc.*, No. 3:16-CV-

24   00036-JD, 2017 WL 4551484, at *5 (N.D. Cal. Oct. 11, 2017); *Congdon v. Uber Techs., Inc.*, 226 F.

25   Supp. 3d 983, 991 (N.D. Cal. 2016)).

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO
COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE
ACTION
CASE NO. 4:18-CV-02931-HSG

### i. This Action Should Not Be Stayed as to Mr. Ziers.

Because Uber has not met its burden of demonstrating that Ziers has agreed to arbitrate his claims, there is no basis for staying his claims. *See* 9 U.S.C. § 3 (permitting stay by the court only "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement").

### ii. This Action Also Should Not Be Stayed as to Ms. Rogers, Regardless of Whether the Court Stays Mr. Ziers' Claims.

As it did in connection with its previous motion to compel arbitration (*see* Dkt. No. 57), Uber once again seeks to delay these proceedings by seeking a stay not only as to Mr. Ziers, but also as to Ms. Rogers, whom Uber has never claimed is subject to an agreement to arbitrate. (Mot. at 20-22.) Once again, Uber fails to rebut "the heavy presumption . . . that the arbitration and the lawsuit will each proceed in its normal course," *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 225 (1985) (White, J., concurring), and disregards the express "preference for proceeding with the non-arbitrable claims when feasible," *United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc*., 46 F. App'x 412, 415 (9th Cir. 2002).

"Courts faced with circumstances similar to this case have declined to stay the claims of plaintiffs [not subject to] arbitration while other plaintiffs were required to arbitrate." *Lee*, 2018 WL 4961802, at *12 (declining to stay proceedings of plaintiffs who had opted out of arbitration agreement and observing that plaintiffs not subject to arbitration agreements "have a right to bring their claims in court that should not be delayed without good reason"). *See also Ferrari v. Mercedes Benz USA, LLC*, No. 17-CV-00018-YGR, 2018 WL 3399320, at *2 (N.D. Cal. Jan. 18, 2018) ("Delaying resolution of the individual claims has the potential to prejudice the remaining plaintiffs and putative class members. The resolution of the individual claims in arbitration will have little to no bearing on the resolution of the claims herein. The mere potential for inconsistent results as between the arbitral forum and the litigation, standing alone, does not establish a sufficient basis for staying the claims in litigation."); *McLellan*, 2017 WL 4551484, at *5 ("Delayed enforcement of [a non-arbitrating plaintiff's right to the courts], just like belated enforcement of an arbitration provision, is 'a less substantial interference than a refusal to enforce it at all, [but] nonetheless significantly disappoints the expectations of the parties

12

and frustrates the clear purpose of their agreement.'" (quoting *Dean Witter Reynolds*, 470 U.S. at 225));

*Congdon*, 226 F. Supp. 3d at 991 ("Uber cannot have its cake and eat it, too. They cannot, on the one

hand, argue that the parties intended individualized adjudication of each plaintiff's claims, and in the

same breath, argue that certain individual's actions should be impacted by parallel litigation.").[3]

The cases Uber cites in support of its assertion that Ms. Rogers' claims should be stayed are

inapposite. *See In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig*., 298 F. Supp. 3d

1285, 1304 (N.D. Cal. 2018) (granting stay as to non-arbitrating parties where "Plaintiffs *do not dispute*

that the Court should stay all proceedings if it orders arbitration as to any Plaintiff" (emphasis added));

*Wolf v. Langemeier*, No. 2:09-CV-03086-GEBEFB, 2010 WL 3341823, at *8 (E.D. Cal. Aug. 24,

2010) (granting stay as to all plaintiffs where the majority of plaintiffs had either agreed to arbitrate or

were entities wholly owned and managed by plaintiffs who had agreed to arbitrate); *Bischoff v.*

*DirecTV, Inc*., 180 F. Supp. 2d 1097, 1114 (C.D. Cal. 2002) (staying proceedings in a complex antitrust

matter involving multiple defendants).

In support of its request for a stay beyond the scope of its motion to compel, Uber makes

several conclusory arguments, ranging from unsupported to nonsensical.  First, Uber argues that "a

court must give preference to preserving the arbitration rights of signatories to the arbitration agreement

over the non-signatories' interests in a speedy resolution."  Mot. at 21.  Not only is this argument

contrary to the weight of authority in this district, but it shows unwarranted disregard for the rights of

individuals to be heard in court.  *See, e.g.*, *Postmates*, 2018 WL 4961802, at *12 (refusing request for

stay because non-arbitrating plaintiffs "have a right to bring their claims in court that should not be

delayed without good reason"); *Ferrari*, 2018 WL 3399320, at *2 (refusing request for stay because

"[d]elaying resolution of the individual claims has the potential to prejudice the remaining plaintiffs

and putative class members").  Moreover, the decades-old, out-of-circuit decisions Uber cites in

support of its argument are inapposite.  When Uber cited *Hill v. G.E. Power* in a materially identical

---

[3] *Congdon* is particularly instructive, as it addressed in detail largely the same arguments made by this same defendant through the same counsel.  Uber also cites this case in both its current and previous motions to compel arbitration, although not in connection with its efforts to stay proceedings as to non-arbitrating plaintiffs.  (*See* Dkt. No. 57 at 2; Mot. at 2.)

case in this district, the *Congdon* court concluded that the decision "d[id] not persuade" because the

Fifth Circuit had "f[ound that] plaintiff's claims against signatory defendant to be inseparable from

claims against non-signatory defendant and that allowing the claims against one to proceed would

'undermine the arbitration proceedings ... thereby thwarting the federal policy in favor of arbitration.'"

*Congdon*, 226 F. Supp. 3d at 990 (quoting *Hill v. G E Power Sys., Inc.*, 282 F.3d 343, 347-48 (5th Cir.

2002). In *WorldCrisa Corp. v. Armstrong*, the non-arbitrating plaintiff subjected to a stay was the

parent company of the arbitrating plaintiff, and the court concluded that any prejudice to the non-

arbitrating plaintiff would be "minimal" after expressing doubts about the parent company's claims.

129 F.3d 71, 76 (2d Cir. 1997).

Second, Uber argues that "it is in the interests of economy and efficiency to stay Rogers' claims

while Ziers completes the arbitration process." Mot. at 21-22. Uber previously made this argument in

*Congdon*, and it was roundly rejected, as the court "f[ound] that proceeding with the litigation as to the

[non-arbitrating] Plaintiffs in this case would not result in a waste of judicial resources [where the

parties did] not dispute that, regardless of the outcome of the arbitration, the claims of the [non-

arbitrating] Plaintiffs will need to be litigated in this court." 226 F. Supp. 3d at 991.

Third, Uber argues without support that "staying Rogers's claims is necessary to avoid

inconsistent findings which could impair the arbitrator's consideration of Ziers' claims." Mot. at 22.

But Uber has provided no insight into how any finding of this Court could have an inappropriate effect

on an arbitration. *Cf. Congdon*, 226 F. Supp. 3d at 991 ("Uber has presented no convincing arguments

that proceeding with the litigation as to the Opt–Out Plaintiffs would in some way negatively impact or

undermine the parallel arbitration proceedings, or would in some way prejudice Uber.").

Finally, Uber argues, again without support, that "[h]aving the arbitrator decide these issues not

only avoids inconsistent outcomes, [*sic*] it also informs the court's [*sic*] subsequent disposition of any

non-arbitrable claims." Mot. at 22. It is wholly unclear from Uber's brief which "issues" it would have

the arbitrator decide in order to avoid inconsistencies between an individual arbitration and the

proceedings in this Court, but it should go without saying that *nothing* an arbitrator may decide in its

limited proceeding should have *any* effect on this Court's ability to render an independent judgment as

PLAINTIFFS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO
COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER ZIERS AND TO STAY THE
ACTION
CASE NO. 4:18-CV-02931-HSG

to each aspect of the claims brought by a plaintiff indisputably not subject to arbitration.  *See Congdon*, 226 F. Supp. 3d at 991.  Indeed, Uber's own arbitration clause, to which Plaintiffs do not concede that they assented, expressly provides that "[a]n Arbitrator's decision and judgment thereon shall have no precedential or collateral estoppel effect."  Grille Decl. ¶ 10, Ex. 1.

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny Uber's Motion to Compel Arbitration as to Plaintiff Ziers and to Stay the Action, Including Wanda Rogers's Claims.

Dated: January 11, 2019                                          Respectfully submitted,

By:   /s/ *Simon S. Grille*

Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
GIRARD SHARP LLLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4800
*dgirard@girardsharp.com*
*aornelas@ girardsharp.com*
*sgrille@girardsharp.com*

Avi R. Kaufman (*pro hac vice*)
Kaufman P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

Steven L. Woodrow (*pro hac vice*)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (*pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor Smith (*pro hac vice*)
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
*Interim Lead Plaintiffs' Counsel*

15