UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIUS MANNING, et al., <br> Plaintiffs, <br> v. <br> UBER TECHNOLOGIES INC., <br> Defendant. | Case No. 18-cv-02931-HSG (JSC) <br><br> **ORDER DENYING MOTION FOR PROTECTIVE ORDER** <br> Re: Dkt. No. 68 |

Plaintiffs sued Uber for violation of the Telephone Communications Privacy Act (TCPA). Uber has moved to compel Plaintiff Christopher Ziers to arbitrate his claim. (Dkt. No. 64.) In support of that motion, Uber submitted the declaration of one of its software engineers, Naveen Narayanan. (Dkt. No. 64-2.) Mr. Narayanan attests that based on his review of documents that (he did not attach to his declaration), Mr. Ziers registered with Uber and that by doing so agreed to its terms and services, including an arbitration agreement. Mr. Ziers subsequently sought Mr. Narayanan's deposition. Uber refused and instead moved for a protective order prohibiting Mr. Ziers from taking the deposition. (Dkt. No. 68.) After carefully considering the parties' written submission, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Uber's motion. Mr. Narayanan is a key witness to the genuine dispute as to whether Mr. Ziers registered an account with Uber and agreed to its arbitration agreement. Accordingly, Uber shall make Mr. Narayanan available for deposition on or before February 21, 2019.

**DISCUSSION**

"A party seeking an ordinary protective order under Federal Rule of Civil Procedure 26(c) must show that 'specific prejudice or harm will result if no protective order is granted." *Ground Zero Center for Non-Violent Action v. United States*, 860 F.3d 1244, 1260 (9th Cir. 2017). Uber's

1    showing of specific harm is based solely on its argument that Mr. Ziers is not entitled to any

2    discovery on Uber's motion to compel arbitration. In particular, while Uber concedes that

3    discovery is appropriate on a motion to compel arbitration when the formation of a contract to

4    arbitrate is at issue, *see* 9 U.S.C. § 4; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir.

5    1999), it insists that "[t]here is no issue here that Mr. Ziers agreed to arbitrate his claims." (Dkt.

6    No. 68 at 7.) The Court disagrees.

7    First, Uber has no explanation as to why, after receiving Mr. Ziers' cell phone number, it initially told Plaintiffs' counsel that Mr. Ziers did not agree to arbitrate his claims. What records did Uber review that led it to that conclusion?

10   Second, there is nothing in Mr. Narayanan's declaration—other than his word—that supports Uber's belated insistence that Mr. Ziers agreed to arbitrate. He does not attach any documents to his declaration that support his assertion. For example, he claims that he was able to identify Mr. Ziers' Uber account by using the telephone number Plaintiffs' counsel provided Uber, yet there are no documents that show that telephone number matched to any account. Indeed, he does not even list the telephone number he is referring to; instead, it appears it is a generic declaration that is used in other cases which in itself creates doubt as to its veracity.

17   Third, evidence produced by Mr. Ziers contradicts Mr. Narayanan's declaration. Mr. Narayanan declares that Mr. Ziers registered his Uber account "via the Android version of the Uber App using a smartphone with an Android operating system." (Dkt. No. 64-2 ¶ 5.) Mr. Ziers' attests, however, that the Android telephone he owned in 2016 did not allow him to download third party apps. (Dkt. No. 71-3 ¶ 10.) Further, he has produced emails from Uber to Mr. Ziers on the date Uber contends that he registered with Uber that prompted him to download the app, supporting an inference that he had not done so. (*Id.* ¶¶ 6-7, Exs. A, B.) And Mr. Ziers has searched his email and has been unable to identify any email from Uber confirming the registration of his account. (*Id.* ¶ 8.) Uber has failed to produce or even identify any email confirming Mr. Ziers' purported registration.

27   Fourth, Uber's evidence submitted with its reply is too little too late. Mr. Narayanan's declaration baldly states that "Uber's records indicate that Mr. Ziers created his account by

entering credit card information." (Dkt. No. 64-2 at 4.) Tellingly, he does not identify that information which would allow Mr. Ziers to confirm or deny that the credit card number belongs to him. Then, with its reply, it attaches to its attorney's declaration documents that it produced to Plaintiff *after* it filed its motion for a protective order and the night before Plaintiff's opposition was due. The attorney has no personal knowledge of these documents and is an improper witness to admit them as they are not self-authenticating. *See Orr v. Bank of America*, 285 F.3d 764, 774, 777 (9th Cir. 2002). A party cannot authenticate a document merely by producing it in discovery. Further, there is zero *evidence* in the record as to what the records are and on their face they are not connected to Mr. Ziers. Uber seems to think that if an Uber attorney or Uber employee says something an opposing party and the court must accept the statement as true. Wrong. If anything, the records highlight the need for Mr. Narayanan's deposition.

Fifth, the cases upon which Uber relies do not support its recalcitrance. In each of those cases the defendant produced an arbitration agreement signed by the defendant. In that context, the courts held that the plaintiff's testimony that he or she did not recall signing the agreement was not sufficient to create a dispute warranting discovery. *See, e.g., Cortez v. Ross Dress for Less, Inc.*, 2014 WL 1401869, *3 (C.D. Cal. April 10, 2014) (the defendant produced agreements with the plaintiff's electronic signature); *Sundquish v. Ubiquity, Inc.*, 2017 WL 3721475, *2, 4 (S.D. Cal. Jan. 17, 2017) (the defendant produced arbitration agreements signed by the plaintiffs and the plaintiffs did not dispute the authenticity of their signatures nor that they entered into the agreements); *Loewan v. Lyft, Inc.*, 2015 WL 12780465 *5 (N.D. Cal. June 12, 2015) (the plaintiff argued it needed discovery to determine if the arbitration agreement he entered into was unconscionable). Similarly, in *Cordas v. Uber Technologies*, 228 F.Supp.3d 985, 989-90 (N.D. Cal. Jan. 5, 2017), there was no dispute that the plaintiff had downloaded the Uber app and created a user account. The record here is completely different as Uber has failed to produce any evidence that shows Mr. Ziers agreed to arbitrate; instead, Uber is relying solely on the word of a witness whom Uber refuses to produce for deposition. Uber's position is contrary to the FAA, 9 U.S.C. § 4.

**CONCLUSION**

Uber's motion to compel arbitration hinges on its assertion that Mr. Ziers' agreed to arbitrate any dispute with Uber by registering an account with Uber. As there is a dispute as to whether Mr. Ziers registered with Uber, discovery is warranted. Uber's motion for a protective order is DENIED. Uber shall make Mr. Narayanan available for deposition within 10 business days of the date of this Order. Uber's administrative motion to seal is GRANTED.

This Order disposes of Docket Nos. 68, 78.

**IT IS SO ORDERED.**

Dated: February 6, 2019

*Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge