1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7                                                 Case No.   18-cv-02931-HSG

8        IN RE UBER TEXT MESSAGING            **ORDER GRANTING LEAVE TO FILE
                                              SUR-REPLY; RESCHEDULING
9                                             HEARINGS**

10                                                Re: Dkt. Nos. 56, 64

11

12          Pending before the Court are Defendant Uber Technologies, Inc.'s ("Uber") motion to stay

13   the action pending a decision on the motion to compel, *see* Dkt. No. 56, and motion to compel

14   arbitration, *see* Dkt. No. 64 ("Mot.").

15   **I.     BACKGROUND**

16          In their putative class action complaint, Plaintiffs Wanda Rogers and Christopher Ziers

17   allege that Uber used an automatic telephone dialing system to send text messages without the

18   recipient's consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et*

19   *seq*. *See* Consolidated Class Action Complaint ("Compl."), Dkt. No. 46.  Uber, however,

20   maintains that Ziers registered for an Uber account in June 2016, thereby agreeing to arbitrate

21   these claims and waiving his right to bring a class action complaint.  *See* Mot. at 1.  Uber relied on

22   the declarations of two of its employees to support its motion to compel arbitration.  *See* Dkt. Nos.

23   64-1, 64-2.[1]  Beyond the declarations and generic screenshots documenting the registration

24   process and agreement, Uber did not originally supply any other evidence to support its contention

25

26   _____

     [1] When Ziers sought to depose one of those Uber employees, Uber moved for a protective order.
     *See* Dkt. No. 68.  Magistrate Judge Corley denied that motion, finding that "Uber has failed to
27   produce any evidence that shows Mr. Ziers agreed to arbitrate; instead, Uber is relying solely on
     the word of a witness whom Uber refuses to produce for deposition."  *See* Dkt. No. 84 at 3.  Judge
     Corley ordered Uber to make that witness available for deposition on or before February 21.  *See*
28   *id.* at 1.

United States District Court
Northern District of California

1    that Ziers registered for the service and agreed to be bound by Uber's Terms and Conditions.

2          In a sworn declaration attached to his opposition to the motion to compel, Ziers stated that

3    he did "not recall ever completing the Uber registration process," that he did not receive a

4    welcome email from Uber, that he did not believe he provided his credit card information to Uber,

5    and that the Android phone he owned in 2016 was incapable of downloading third-party

6    applications. *See* Declaration of Christopher Ziers, Dkt. No. 71-3 ¶¶ 2, 8, 10, 11.

7          Then, in its reply brief, Uber "voluntarily produced information from its records that

8    supports [its employee's] declaration." *See* Reply, Dkt. No. 82 at 7.  Though Uber believed

9    production of these records was "unnecessary," it decided to provide them in its reply (but no

10   earlier) in "an effort to efficiently resolve this issue." *Id.*  Unsurprisingly, in Uber's view, these

11   newly disclosed documents "confirm that Mr. Ziers entered into a binding arbitration agreement

12   with Uber." *Id.* at 8.

13         In response to these never-before-seen documents making their first appearance in Uber's

14   reply brief, Plaintiffs filed an objection under Civil Local Rule 7-3(d)(1). *See* Dkt. No. 85.

15   **II.   LEGAL STANDARD**

16         Under Civil Local Rule 7-3(d)(1), "[i]f new evidence has been submitted in the reply, the

17   opposing party may file within 7 days after the reply is filed, and serve an Objection to Reply

18   Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which

19   may not include further argument on the motion."  The Local Rules thus "recognize the potential

20   inequities that might flow from the injection of new matter at the last round of briefing." *Dutta v.*

21   *State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018).  However, the

22   "unfairness inherent" in being unable to respond to new factual material may be mitigated by

23   "granting the objecting party leave to file a sur-reply opposition to the new matter." *Id.* at 1172.

24   **III.   ANALYSIS**

25         Because Uber inexplicably produced these records only after Ziers filed his opposition,

26   Ziers has not had an opportunity to explain how they may affect his argument that he is not subject

27   to Uber's Terms and Conditions, including mandatory arbitration and a class action waiver.  To

28   avoid the unfairness inherent in this eleventh-hour revelation of what appears to be consequential

United States District Court
Northern District of California

2

new information, the Court will give Plaintiffs an opportunity to respond.  *See Dutta*, 895 F.3d at 1172.  Accordingly, Plaintiffs may file a sur-reply, explaining their position on how the Court should assess the information Uber divulged in its reply and how it affects their assertion that Ziers did not complete the Uber registration process and thus never agreed to arbitrate his claims.

## IV.   CONCLUSION

Plaintiffs are **GRANTED LEAVE** to file a sur-reply of no more than 10 pages by February 27, 2019.  The hearings scheduled for February 14 on Uber's motion to compel arbitration, Dkt. No. 64, and motion to stay, Dkt. No. 56, are **VACATED** and are **RESCHEDULED** for March 14, 2019 at 1:00 p.m.

**IT IS SO ORDERED.**

Dated:  2/13/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3