UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UBER TEXT MESSAGING | Case No. 18-cv-02931-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION**<br><br>Re: Dkt. No. 93 |

On March 7, Defendant Uber Technologies, Inc. ("Uber") moved for leave to file a supplemental declaration in response to Plaintiffs' Sur-Reply, citing Local Rule 7-11. *See* Dkt. No. 93. Uber sought leave "in order to provide a more accurate and complete record" because it believed that the deposition excerpts contained in Plaintiffs' Sur-Reply "omitted the most relevant portions." *Id.* at 1.

Plaintiffs opposed on March 11. *See* Dkt. No. 95. As Plaintiffs point out, *id.* at 3, Uber is once again attempting to introduce new evidence and argument on a fully-briefed motion. The Court previously granted Plaintiffs leave to file a sur-reply because they otherwise would not be able to reply to the new records Uber "inexplicably produced" with its reply brief in support of its employee's declaration. *See* Dkt. No. 86 at 2.

Uber cannot continually dribble out new evidence, spring it on Plaintiffs without an opportunity for them to respond, and expect the Court to consider it. Uber bears the burden of proving the existence of the arbitration agreement. *See Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). Thus, it should have presented all of the evidence it believed supported its position in its original motion to compel, rather than repeatedly and belatedly attempting to introduce new information piecemeal. Had Uber been more forthright in the first place, neither this motion nor Plaintiffs' sur-reply would have been necessary, and the

motion to compel already would have been submitted to the Court. It is inappropriate for Uber to proceed in this manner, and its motion for leave to file a supplemental declaration is **DENIED.**

**IT IS SO ORDERED.**

Dated: 3/14/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge