UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UBER TEXT MESSAGING | Case No. 18-cv-02931-HSG<br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br>Re: Dkt. Nos. 81, 89, 92 |

Currently before the Court are three administrative motions to file documents and portions of the briefs under seal in connection with Defendant Uber Technologies, Inc.'s ("Uber") motion to compel arbitration. *See* Dkt. Nos. 81, 89, 92. The Court **GRANTS IN PART** and **DENIES IN PART** the motions to file under seal, as described below.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's

interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

The parties filed three administrative motions to file under seal portions of certain exhibits along with excerpts of their briefs that quote from or rely upon those exhibits. *See* Dkt. Nos. 81, 89, 92.

The Court will apply the compelling reasons standard, because it finds that, at least for

purposes of a motion to seal, a motion to compel is a dispositive motion. Uber assumes without argument that the lower, good cause standard applies. *See, e.g.*, Dkt. No. 81 at 2–3. The Ninth Circuit "has not provided clear guidance on distinguishing dispositive from non-dispositive motions," *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd*, No. 14-CV-01637-JD, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014), and "district courts differ on whether a motion to compel arbitration is a dispositive or nondispositive motion for sealing purposes," *Martin v. Wells Fargo Bank, N.A.*, No. CV 12-06030 SI, 2013 WL 5441973, at *2 (N.D. Cal. Sept. 30, 2013) (collecting cases). To be sure, some courts have assumed without discussion that a motion to compel arbitration is a nondispositive motion. *See, e.g.*, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2015 WL 5117083, at *4 (N.D. Cal. Aug. 31, 2015), *aff'd*, 830 F.3d 1335 (Fed. Cir. 2016); *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 1518067, at *3 (N.D. Cal. Apr. 3, 2015).

But the Court finds more persuasive the reasoned opinions concluding that a motion to compel arbitration is dispositive because of its similarities to motions to remand or transfer. *See, e.g.*, *Langell v. Ideal Homes LLC*, No. 16-CV-00821-HRL, 2016 WL 8711704, at *3–4 (N.D. Cal. Nov. 18, 2016), *report and recommendation adopted*, No. 16-CV-00821-LHK, 2016 WL 10859440 (N.D. Cal. Dec. 7, 2016). Courts in the Ninth Circuit employ a "functional approach" to determine whether a motion is dispositive by looking to its effect. *See Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015). Like a motion to remand or transfer, a motion to compel results in the case being transferred to a different forum for resolution of the merits. *Cf. id.* at 1047 (holding that motion to remand is dispositive because it "preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute") (internal quotation omitted). Though a federal court technically retains jurisdiction to enforce arbitration awards, the "limited and highly deferential" mode of review, *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009), has the practical impact of "put[ting] the parties effectively out of federal court," *Harmston v. City & Cty. of San Francisco*, 627 F.3d 1273, 1278–79 (9th Cir. 2010) (internal quotation and emphasis omitted). Thus, the Court finds that a motion to compel is dispositive and accordingly, it applies the compelling reasons standard to the motions to file under

3

seal.[1]

The Court grants the motions to seal as to Ziers's personal information, such as his phone number, email address, and payment card information. The public interest in this information is extremely minimal and the potential for abuse is high.

Uber asks the Court to seal the remaining entries in the spreadsheets it has provided, along with large portions of the Narayanan deposition, asserting that they contain "confidential information regarding Uber's internal procedures and databases." *See* Dkt. No. 92-1 ¶ 4. According to Uber, large-scale redactions are needed to protect this "valuable business information" from competitors. *See id.* ¶ 5. The Court has reviewed the proposed redactions and finds them substantially overbroad and not rising to the level of trade secrets or other protectable material. In addition, disclosure of these excerpts is necessary for the public to be able to understand the Court's ruling on the motion to compel. For example, many of the excerpts of Narayanan's deposition that Uber asserts are confidential are questions to which he answered "I don't know." *See, e.g.*, Dkt. No. 92-3 at 125. Uber also seeks to seal highly relevant information, including Narayanan's definitions of various technical terms (such as "back-end services" and "epoch"), the basis of his declaration, foundation for his familiarity with the exhibits he provided, and third-party sources from which Uber collects personal information. Uber has not met its burden to establish a compelling reason to seal these broad swaths of Narayanan's deposition testimony. Further, even if the Court were to find that the good cause standard applied, it would arrive at the same conclusion, because Uber has failed to make the requisite particularized showing that specific prejudice or harm will result from public disclosure of these documents.

Accordingly, the Court **ORDERS** as follows:

| Dkt. No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| 81-3/(81-4) | Exhibit G (UBER0000002) | Entries underneath "signup_mobile" and "signup_email" | **GRANTED:** personal information |

---

[1] To the extent the Court previously found to the contrary in *Hunt*, 2015 WL 1518067, at *3, it reconsiders the view expressed there.

4

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | UUID and signup date | **DENIED:** no personal information, no compelling reason to seal |
| 81-5/(81-6) | Exhibit H (UBER0000003–06) | Entries underneath "destination_string" and "card_number" | **GRANTED:** personal information |
| | | Remaining entries in table | **DENIED:** no personal information, no compelling reason to seal |
| 81-7/(81-8) | Exhibit I (UBER0000001) | Entries underneath "card_bin", "card_number", "card_expires_at" | **GRANTED:** personal information |
| | | Remaining entries in table | **DENIED:** no personal information, no compelling reason to seal |
| 89-3/(89-4) | Plaintiffs' Sur-Reply | 4:14–15, 17–27<br>6:19–20, 27<br>7:5–11, 21–22, FN5, FN6<br>8:1–2 | **DENIED:** no personal information, no compelling reason to seal |
| 89-5/(89-6) | Declaration of Christopher Ziers | Payment card info in lines 7–9 | **GRANTED:** personal information |
| 89-7/(89-8) | Exhibit A (UBER0000001–06) | Entries underneath "card_bin", "card_number", "card_expires_at", "signup_mobile", "signup_email", "destination_string", and "card_number" | **GRANTED:** personal information |
| | | Remaining entries in table | **DENIED:** no personal information, no compelling reason to seal |
| 89-9/(89-10) | Exhibit B (UBER0000007–08) | Entire document | **DENIED:** no personal information, no compelling reason to seal |
| 89-11/(89-12) | Exhibit C (Narayanan deposition and supporting exhibits) | Entries underneath "card_bin", "card_number", "card_expires_at", "signup_mobile", "signup_email", "destination_string", and "card_number" | **GRANTED:** personal information |
| | | Excerpts throughout, *see* Dkt. No. 91-1 ¶ 8; remaining entries in tables in attached exhibits | **DENIED:** no personal information, not narrowly tailored |
| 92-4/(92-3) | Exhibit A (Narayanan deposition) | Excerpts throughout, *see* Dkt. No. 92-1 | **DENIED:** not narrowly tailored |

## III. CONCLUSION

The Court **DIRECTS** the parties to file public versions of all documents for which the

5

proposed sealing has been denied by June 7, 2019.  Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.  The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 5/30/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge