Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4800
*dgirard@girardsharp.com*
*aornelas@girardsharp.com*
*sgrille@girardsharp.com*

Avi R. Kaufman (*pro hac vice*)
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
*kaufman@kaufmanpa.com*

Steven L. Woodrow (*pro hac vice*)
Patrick H. Peluso (*pro hac vice*)
Taylor Smith (*pro hac vice*)
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
*swoodrow@woodrowpeluso.com*
*ppeluso@woodrowpeluso.com*
*tsmith@woodrowpeluso.com*

*Interim Lead Plaintiffs' Counsel*

Tiffany Cheung
Lucia Xochiquetzal Roibal
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7315
Facsimile: (415) 268-7522
tcheung@mofo.com
lroibal@mofo.com

Adam J. Hunt
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 336-4341
Facsimile: (212) 468-7900
AdamHunt@mofo.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UBER TEXT MESSAGING | Case No. 4:18-cv-02931-HSG<br><br>**STIPULATION AND ORDER OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(ii)**<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

STIPULATION AND ORDER OF DISMISSAL
CASE NO. 4:18-CV-02931-HSG

Plaintiff Christopher Ziers ("Ziers") and Defendant Uber Technologies, Inc. ("Uber") hereby stipulate and agree as follows, and request entry of the below proposed order approving their stipulation.

WHEREAS, on December 17, 2018 Uber filed a motion to compel arbitration as to Ziers and to stay the action, including the claims of plaintiff Wanda Rogers (the "Motion to Compel") (ECF No. 64);

WHEREAS, in support of the Motion to Compel, Uber submitted evidence in the form of a declaration of Naveen Narayanan, an Uber software engineer, who attested that Ziers had completed the process of registering with Uber to create an account and agreed to Uber's Terms and Conditions, which included an arbitration provision (*Id.* at 3-4 (citing ECF No. 64-2));

WHEREAS, on December 21, 2019, Ziers noticed the deposition of Mr. Narayanan (*See e.g.*, ECF No. 68);

WHEREAS, on January 3, 2019, Uber sought a protective order regarding Mr. Narayanan's deposition, arguing that Ziers had not provided any factual basis for taking arbitration discovery (*Id.*);

WHEREAS, on January 11, 2019, Ziers filed an opposition to Uber's Motion to Compel and submitted a declaration stating that he "[did] not recall ever completing the Uber registration process." (ECF No. 71-3);

WHEREAS, on January 24, 2019, Uber provided Ziers's counsel with information regarding the payment card that Ziers used to complete the Uber registration process. Uber designated this information "Highly Confidential -- Attorneys Eyes Only" and in response to Ziers's assertion that he did not provide his payment card information to Uber, Uber produced it on the condition that Plaintiffs' counsel not share any part of the payment card number with Ziers;

WHEREAS, on January 25, 2019 Ziers opposed Uber's motion for a protective order, declaring that he "[had] no recollection of completing Uber's registration process" and that the payment card information that Uber had provided to Ziers's counsel "had no connection to any

form of payment Ziers has a record or memory of possessing during the relevant time." (ECF No. 76);

WHEREAS, in connection with Ziers's opposition to Uber's motion for a protective order, Ziers's counsel signed a declaration under the penalty of perjury stating "I have confirmed that the payment information Uber produced does not match any credit or debit card Mr. Ziers has a record or memory of having possessed at any time." (ECF No. 76-1);

WHEREAS, on February 6, 2019, Magistrate Judge Corley denied Uber's motion for a protective order regarding Mr. Narayanan's deposition (ECF No. 84.)

WHEREAS, Mr. Narayanan sat for an approximately four-hour deposition on February 25, 2019;

WHEREAS, on February 27, 2019, Ziers filed a sur-reply opposing Uber's Motion to Compel (ECF No. 89);

WHEREAS, in support of his sur-reply and his denial of using a payment card that matched the number that Uber had provided to his counsel, Ziers signed a declaration under the penalty of perjury on February 27, 2019, identifying "the last four digits and expiration dates of the only payment card numbers [he had] any record or memory of ever using or owning" and stating that "[he had] no record or memory of ever owning or using any other payment card numbers." (ECF No. 89-5);

WHEREAS, on June 18, 2019, the Court denied Uber's Motion to Compel without prejudice, finding that there were disputed issues of fact in part because "Ziers attested that he did not have a payment card matching the one listed" in the documents that Uber provided to Ziers's counsel. (ECF No. 108 at 5, 16);

WHEREAS, on July 17, 2019, Uber served a subpoena on the financial institution that issued the payment card that Uber had on file as associated with Ziers;

WHEREAS, on July 3, 2019, Uber served discovery on Ziers seeking, among other things, the identity of the financial institution that Ziers used in or around the time that Uber's records show that he registered with Uber;

| | WHEREAS, on August 2, 2019, Ziers responded to Uber's discovery requests and identified payment card numbers he was aware of using in 2016 and the issuing financial institutions for those cards, which confirmed that he used the financial institution that issued the payment card that Uber had on file for Ziers, but Ziers did not identify the payment card that Uber had on file associated with him;

WHEREAS, the financial institution produced documents in response to Uber's subpoena on August 16, 2019;

WHEREAS, the documents that the financial institution produced in response to Uber's subpoena confirmed that Ziers used the payment card that Uber had on file for Ziers;

WHEREAS, on August 19, 2019, Uber provided to Ziers's counsel the documents that the financial institution had produced in response to Uber's subpoena;

WHEREAS, on August 21, 2019, counsel for Ziers agreed that the documents produced by the financial institution in response to Uber's subpoena demonstrate that Ziers used the same payment card that Uber had on file for him during the time when Ziers registered with Uber;

WHEREAS, counsel for Ziers anticipates that Uber's renewed motion to compel arbitration will be granted under the prevailing arbitration law, based on internal Uber records and the records produced by third party Chase on August 16, 2019 after the Court's June 18, 2019 Order;

WHEREAS, on August 21, 2019, counsel for Ziers informed Uber's counsel that Ziers would not oppose a motion to compel arbitration and suggested the parties stipulate to dismiss his claims against Uber in this action without prejudice;

WHEREAS, because Uber filed its Answer, Ziers may only dismiss his claims voluntarily by stipulation with Uber pursuant to Federal Rule of Civil Procedure 41(a)(1(ii);

IT IS NOW THEREFORE STIPULATED AND AGREED AS FOLLOWS:

1. Uber's records show Ziers registered with Uber on June 23, 2016 to create a rider account;
2. As a part of the registration process, Ziers provided a cellular telephone number and payment card information to Uber;

3. Uber has produced records showing the cellular telephone number and payment card information that Ziers provided to Uber during the registration process;

4. Ziers acknowledges and agrees that by registering with Uber, under the terms of Uber's Terms and Conditions, he consented to arbitrate his claims in this action;

5. Ziers agrees to dismiss this action against Uber without prejudice; and

6. The parties stipulate to the dismissal of Ziers's claims without prejudice and without costs as to either party.

Dated: October 4, 2019　　　　　　　　　Respectfully submitted,

By: ___/s/ *Simon S. Grille*___
Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4800
Email: dgirard@girardsharp.com
Email: aornelas@girardsharp.com
Email: sgrille@girardsharp.com

Avi R. Kaufman (*pro hac vice*)
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

Steven L. Woodrow (*pro hac vice*)
Patrick H. Peluso (*pro hac vice*)
Taylor Smith (*pro hac vice*)
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
Email: swoodrow@woodrowpeluso.com
Email: ppeluso@woodrowpeluso.com

| | |
|---|---|
| | Email: tsmith@woodrowpeluso.com |
| | *Interim Lead Plaintiffs' Counsel* |
| Dated: October 4, 2019 | By: */s/ Tiffany Cheung* <br> Tiffany Cheung <br> Lucia Xochiquetzal Roibal <br> Morrison & Foerster LLP <br> 425 Market Street <br> San Francisco, California 94105 <br> Telephone: (415) 268-7315 <br> Facsimile: (415) 268-7522 <br> tcheung@mofo.com <br> lroibal@mofo.com |
| | Adam J. Hunt, *pro hac vice* <br> Morrison & Foerster LLP <br> 250 West 55th Street <br> New York, New York 10019-9601 <br> Telephone: (212) 336-4341 <br> Facsimile: (212) 468-7900 <br> AdamHunt@mofo.com |
| | ***Attorneys for Defendant Uber Technologies, Inc.*** |

**ORDER**

This matter is before the Court on the Parties' Stipulation and [Proposed] Order, IT IS HEREBY ORDERED that Plaintiff Christophe Ziers's claims against Uber in this action are dismissed in their entirety without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

**IT IS SO ORDERED.**

DATED: 10/7/2019

*Haywood S. Gilliam, Jr.*
Honorable Haywood S. Gilliam, Jr.
United States District Judge